**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ROSINDA MATUTE-CASTELLANOS,<br><br>        Plaintiff,<br><br>v.<br><br>GEICO INDEMNITY COMPANY,<br>JOHN DOE 1 and JOHN DOE 2,<br><br>        Defendants. | CIVIL ACTION FILE<br>NO. 1:16-CV-03756-TWT |

---

## MOTION TO QUASH SUBPOENA AND BRIEF IN SUPPORT THEREOF

---

COMES NOW, **INSURANCE AUTO AUCTIONS CORP.**, an Illinois corporation, and authorized to do business in Georgia ("IAA"), and files this its Motion to Quash Subpoena and Brief in Support Thereof, hereby showing this Honorable Court as follows:

### I.   FACTS

On or about February 7, 2017, pursuant to Fed.R.Civ.P. 45, Plaintiff served via first-class mail on IAA's corporate office in Illinois and its registered agent in Georgia a subpoena for the production of documents ("Non-Party Subpoena").  A

copy of the Non-Party Subpoena is attached and incorporated hereto as Exhibit A. The Non-Party Subpoena is purportedly related to this pending civil action. IAA has attempted to dissuade Plaintiff's counsel from pursuing the items in the Non-Party Subpoena, but has been forced to file this Motion instead.

Previously, IAA, along with an affiliated entity, were parties to an action in the State Court of DeKalb County, Georgia. Plaintiff agreed to voluntarily dismiss without prejudice IAA and its affiliated company on June 15, 2015. A copy of the Voluntary Dismissal is attached hereto as Exhibit B. The State Court of DeKalb County dismissed IAA and its affiliated entity on October 19, 2015. A copy of that Order is attached hereto as Exhibit C. Between Plaintiff's filing of the Voluntary Dismissal and the entry of the Order on October 19, 2005, IAA produced all of its files, documents, and records to the remaining parties as related to that action pending in the State Court of DeKalb County prior to IAA being dismissed. Plaintiff has all the documents it requests in the Non-Party Subpoena, except Request No. 1.

For the Court's benefit, Plaintiff requests in Request No. 1 of the Non-Party Subpoena the following:

> **Any and all agreements between Insurance Auto Auctions Corp., any parent, subsidiary, or other entity, and Geico Indemnity Company, and its agents, or subsidiaries, in which Insurance Auto Auctions Corp. arranges for the purchase, sale, physical transfer,**

**application for title, of salvaged vehicles which was in effect and covered the physical area of the State of Georgia, County of DeKalb, on March 8, 2012.**

First, IAA objects to this request as overly broad and vague, but more importantly, IAA objects to the production of any "agreements" between IAA and Geico Indemnity Company ("Geico"), together with any attenuate documents or information between IAA and Geico, because such documents fall squarely within Fed.R.Civ.P. 45(d)(3) as such are confidential trade secrets of a commercial nature. Further, if Plaintiff wants that particular information, it could seek to obtain it from Geico, the party defendant, but even still that information would constitute confidential trade secrets of a commercial nature and would warrant being protected from production.

## II.   ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 45 provides for the court from which a subpoena is issued to quash or modify the subpoena if it: (1) requires disclosure of privileged or other protected matter, Fed. R. Civ. P. 45(3)(A)(iii); (2) subjects a person to undue burden, Fed. R. Civ. P. 45(3)(A)(iv); or (3) requires disclosure of a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(3)(B)(i). First, there is no proof that the Non-Party

Subpoena was properly served, and IAA does not waive any argument on the issue of service.

By its terms and as espoused in case law, proper service of a subpoena pursuant to Fed.R.Civ.P. 45 requires that the person to whom the subpoena is directed or personally served. Harrison v. Prather, 404 F.2d 267 (5th Cir. 1968). Indeed, service of a subpoena by any other means is insufficient as a matter of law. See Tidwell-Williams v. Northwest Georgia Health System, Inc., 1998 U.S. Dist. LEXIS 23134, *26 (N.D. Ga. 1998) (service of subpoena via facsimile or mail insufficient) citing Harrison, supra (service of subpoena on a plaintiff's counsel, as opposed to plaintiff himself, was a nullity).

Beyond that, Plaintiff's requests identified in its Non-Party Subpoena to IAA seek confidential information, and subject IAA to an undue burden of producing documents responsive to overly broad and backdoor discovery requests to a non-party when the same can be obtained, under protective order, from Geico, an actual party. The Court should not reward Plaintiff and jeopardize IAA's confidential, business commercial trade secrets by allowing Plaintiff to get these documents requested in the Non-Party Subpoena.

The Non-Party Subpoena cannot be a tool to obtain confidential information from a non-party. Federal Rule of Civil Procedure 45 is designed for the courts to

protect a non-party from disclosing information that is confidential, proprietary commercial information. Fed. R. Civ. P. 45(3)(B)(i). As is evident, these requests seek IAA's confidential, business information as to its relationship with Defendant Geico, and that should never be allowed in any lawsuit. In Request No. 1, Plaintiff asks for IAA's agreements with Geico. As to the vagaries of "any agreements," any such document is confidential information. It is a trade secret for IAA, and IAA must not be forced to provide such confidential information of its operations because of a dispute between Plaintiff and Defendant. Further, it is disruptive to IAA's operation, and those "agreements" would have no relevance to the issue of the underlying case.

Fed.R.Civ.P. 45(3)(A)(iv) offers protection against "unduly burdensome" discovery. In determining whether an undue burden exists, courts consider factors such as: (1) the relevance of the information sought; (2) the proponent's need for the information; (3) the time period of information covered by the subpoena and the particularity with which the documents are described; and (4) the burden posed on the target of the subpoena. (emphasis added). In Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996), the court quashed a subpoena requesting any and all "agreements" between insurer and its agent was found vague and ambiguous and therefore could be burdensome. It is appropriate,

when as here, the request asks for "all" or "any" myriad of documents for the court to quash a non-party subpoena as an undue burden. In re Subpoena Duces Tecum to AOL, LLC, 550 F.Supp. 2d 606, 612 (U.S.D.C. E.D. Virginia 2008).

A paramount issue is that of justice and fair play as it impacts or is directed to a non-party. Courts are to consider the non-parties' position as an outsider to the litigation when deciding the parameters of discovery. See, Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir, 1993) ("[T]he fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances."); See, Laxalt v. C.K. McClatchy, 116 FR.D. 455, 458 (D. Nevada 1986) ("The rule is thus well established that nonparties to litigation enjoy greater protection from discovery than normal parties."); See, Dart Industries Co., Inc. v. Westwood Chemical Co., Inc., 649 F.2d 646 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery."); See, In re Candor Diamond Corp, 26 B.R. 847, 848 (S.D.N.Y. 1983) ("Restrictions on discovery may be broader where a non-party is the target of discovery to protect such third parties from unnecessary harassment, inconvenience, expense or disclosure of confidential information."). See, Concord Boat Corp., 169 F.R.D. at 52 ("[Non-party] is not a party to the complex litigation

6

underlying the instant motion, it has no interest in the outcome of that litigation and thus, this court finds that it should not be subject to the same burden of production that a party to the underlying litigation is subject.").

Plaintiff seeks to require IAA to expend a lot of burdensome time and resources to produce information it already has as well as confidential commercial trade secrets that Plaintiff could potentially use against IAA outside this setting, or release to some other entity. Plaintiff should get its discovery documents and information from Geico, if it truly needs a copy of any such agreement. Beyond the confidential commercial trade secrets angle, it requires a non-party to produce documents in what appears to be an effort to "double-check" Geico's probable production. This Non-Party Subpoena puts an undue burden on IAA contrary to Fed.R.Civ.P. 45.

### III.  CONCLUSION

Plaintiff's improperly served Non-Party Subpoena directs IAA to produce overly broad and confidential commercial business information and trade secrets for the sole purpose of disrupting the business and operations of IAA. As discussed above, the Court should quash the Non-Party Subpoena to protect IAA and prevent it from having to respond to Plaintiff's unduly burdensome requests.

Further, all information that is actually relevant has previously been produced in the action in DeKalb County State Court.

Respectfully submitted this 6th day of March, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Kenneth D. Jones*
KENNETH D. JONES
Georgia Bar No. 402101

*Counsel for Insurance Auto Auctions Corp.*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

NORTHERN DISTRICT OF GEORG🖼

| | | |
|---|---|---|
| ROSINDA MATUTE-CASTELLANOS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:16-cv-03756-TWT |
| GEICO INDEMNITY COMPANY, JOHN DOE 1, AND JOHN DOE 2 | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                         James S. Payar, Secretary, Insurance Auto Auctions Corp.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Ghosheh Law Firm LLC, 242 South Culver Street Suite 200 Lawrenceville, Georgia 30046 | Date and Time: <br><br> 03/06/2017 3:40 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       02/06/2017

*CLERK OF COURT*

                                                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ROSINDA MATUTE CASTELLANOS _____ , who issues or requests this subpoena, are:

Talal Perez Ghosheh, 242 South Culver Street, Suite 200, Lawrenceville, Georgia 30046 678-359-4225; talal@ghoshehlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
**A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:16-cv-03756-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### Insurance Auto Auctions Corp.

1.

Any and all agreements between Insurance Auto Auctions Corp., any parent, subsidiary, or other entity, and Geico Indemnity Company, and its agents, or subsidiaries, in which Insurance Auto Auctions Corp. arranges for the purchase, sale, physical transfer, application for title, of salvaged vehicles which was in effect and covered the physical area of State of Georgia, County of Dekalb, on March 8, 2012.

2.

Any and all documents, logs, telephone records, for the physical pickup of 1988 Mercury Tracer, VIN 3MABM1259JR667971.

3.

Any documents, logs, emails, telephone records, and any other tangible record made in regards to Geico Claim Number **0242526700101050.**

4.

Any documents, logs, emails, telephone records, and any other tangible record made in regards to Geico Claim Number **0242526700101050.**

5.

Any documents, logs, emails, telephone records, and any other tangible

record made in regards to timeline **09543920**.

6.

Any documents, logs, emails, telephone records, and any other tangible record made in regards to timeline **09604964**.

7.

Any documents, logs, emails, telephone records, and any other tangible record made in regards to timeline **09673869**.

8.

Any documents, logs, emails, telephone records, and any other tangible record made in regards to timeline **09707547**.

9.

Any documents, logs, emails, telephone records, and any other tangible record made in regards to timeline **10417453**.

10.

Any documents, logs, emails, telephone records, and any other tangible record made in regards to any timeline associated with Geico Claim Number **0242526700101050**.

11.

Any invoice and any other tangible record made requesting payment from Defendant Geico, for services performed on Geico Claim Number **0242526700101050** or 1988 Mercury Tracer, VIN 3MABM1259JR667971.

12.

Any document or other tangible record containing the name, address, telephone number, and email of any person, person(s), or entities who worked or handled matters on behalf of Insurance Auto Auctions Corp. for Defendant Geico with respect to Geico Claim Number **0242526700101050** or 1988 Mercury Tracer, VIN 3MABM1259JR667971.

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

ROSINDA MATUTE-CASTELLANOS,    )
    )        CIVIL ACTION FILE NO.
       Plaintiff,    )
    )        15-A-55279-E4
v.    )
    )
GEICO INDEMNITY COMPANY,    )
JOHN DOE 1,    )
JOHN DOE 2.    )
    )
       Defendants.    )

### PLAINTIFF'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE WITH AN EXPRESS RESERVATION OF RIGHT OF RENEWAL

COMES NOW, the Plaintiff, ROSINDA MATUTE-CASTELLANOS, in the above styled action by and through her counsel of record and enters a Voluntary Dismissal Without Prejudice pursuant to O.C.G.A. § 9-11-41(a) with an express reservation of a right of renewal in the instant action pursuant to O.C.G.A. § 9-2-61(a).

This ____ day of March, 2016.

_____
Attorney for Plaintiff
Talal "Perez" Ghosheh
State Bar: 150049

Ghosheh Law Firm LLC
242 Culver Street
Suite 200
Lawrenceville, Georgia 30046
678.359.4225 (Office)
404.996.1219 (Fax)
talal@ghoshehlaw.com



EXHIBIT
B

STATE COURT OF
DEKALB COUNTY, GA.
3/18/2016 9:24:29 AM
E-FILED
BY: Jewel Hendrix

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ROSINDA MATUTE-CASTELLANOS,      )
                                 )          CIVIL ACTION FILE NO.
        Plaintiff,               )
                                 )          15-A-55279-E4
v.                               )
                                 )
GEICO INDEMNITY COMPANY,         )
JOHN DOE 1,                      )
JOHN DOE 2.                      )
                                 )
        Defendants.              )

### CERTIFICATE OF SERVICE

This is to certify that I have on this date served a true and correct copy of the foregoing

**PLAINTIFF'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE WITH AN**

**EXPRESS RESERVATION OF RIGHT OF RENEWAL** upon the counsel for the Defendant,

in this matter by depositing a true and correct copy of the same in the U.S. Mail, proper postage

prepaid, addressed to party of record as follows:

> J. Robb Cruser, Esq.,
> Nola D. Jackson, Esq.,
> Robert N. Friedman, Esq.,
> Cruser & Mitchell, LLP
> Meridian II, Suite 2000
> 275 Scientific Drive
> Norcross, GA 30092

This 17th day of March, 2016.

<u>Attorney for Plaintiff</u>
Talal "Perez" Ghosheh
State Bar: 150049

Ghosheh Law Firm LLC
242 Culver Street
Suite 200
Lawrenceville, Georgia 30046
678.359.4225 (Office)
404.996.1219 (Fax)
talal@ghoshehlaw.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ROSINDA MATUTE-CASTELLANOS,

    Plaintiff,

v.

GEICO INDEMNITY COMPANY,
INSURANCE AUTO AUCTIONS
CORP., INSURANCE AUTO
AUCTIONS OF GEORGIA LLC, JOHN
DOE 1 and JOHN DOE 2,

    Defendants.

CIVIL ACTION FILE
NO. 15A55279E4

## ORDER FOR DISMISSAL OF DEFENDANTS INSURANCE AUTO AUCTIONS CORP. AND INSURANCE AUTO AUCTIONS OF GEORGIA, LLC WITHOUT PREJUDICE

Upon the parties having appeared before the Court and filing their Consent Motion to Dismiss with agreement of the parties, the Court having reviewed and considered the Consent Motion, the Court hereby **GRANTS** the Consent Motion to Dismiss without Prejudice Defendants Insurance Auto Auctions Corp. and Insurance Auto Auctions of Georgia, LLC.

IT IS SO ORDERED, this 16th day of October, 2015.

THE HONORABLE JOHNNY PANOS
Judge, State Court of DeKalb County

EXHIBIT

C

STATE COURT OF
DEKALB COUNTY, GA.
10/19/2015 10:27:43 AM
E-FILED
BY: Jolle Pearson

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROSINDA MATUTE-
CASTELLANOS,

      Plaintiff,

v.

GEICO INDEMNITY COMPANY,
JOHN DOE 1 and JOHN DOE 2,

      Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-03756-TWT

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Motion to Quash Subpoena and Brief in Support Thereof** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Talal "Perez" Ghosheh, Esq.
Ghosheh Law Firm LLC
242 South Culver Street
Suite 200
Lawrenceville, GA 30046

Respectfully submitted this 6th day of March, 2017.

**HALL BOOTH SMITH, P.C.**

/s/ Kenneth D. Jones
KENNETH D. JONES
Georgia Bar No. 402101

*Counsel for Insurance Auto Auctions Corp.*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020

53412102-1
8870-0006

2