IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROSINDA MATUTE-<br>CASTELLANOS,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO INDEMNITY COMPANY,<br>JOHN DOE 1, and JOHN DOE 2,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION FILE<br><br>NO. 1:16-CV-03756-TWT |

**DEFENDANT GEICO INDEMNITY COMPANY'S
STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

COMES NOW **GEICO INDEMNITY COMPANY** ("GEICO"), a

Defendant in the above-styled civil action, by and through undersigned counsel

and pursuant to local rule 56, respectfully submits this Statement of Material Facts

as to Which There Is No Genuine Issue to be Tried, showing the Court as follows:

**MATERIAL FACTS NOT IN ISSUE**

1.

This lawsuit arises out of a car accident that occurred on March 8, 2012,

between Elmo Watkins, an insured of GEICO, and Plaintiff. (Pl.'s Comp., ¶ 7).

2.

In April of 2012, GEICO issued payment to Plaintiff in the amount of $1,108.01 as full payment for the total loss of Plaintiff's vehicle (the "vehicle"). (Pl.'s Comp., ¶ 10).

3.

In return for GEICO's payment of $1,108.01, Plaintiff signed title of the vehicle over to GEICO. (Rosinda Matute-Castellanos Dep., p. 26, ll. 8-18; p. 27, ll. 8-10).

4.

Plaintiff also agreed to make her vehicle available for pickup at her apartment (3207 Henderson Mill Road, Atlanta, GA 30341). (Matute Dep., p. 27, l. 15- p. 28, l. 5).

5.

Despite Plaintiff's agreement to make the vehicle available for pickup at her apartment, Plaintiff failed to abide by her agreement and thwarted GEICO's attempts to recover the vehicle. On April 2, 2012, a driver from Insurance Auto Auctions attempted to retrieve the vehicle from 3207 Henderson Mill Road, but could not locate the vehicle. (*See* Insurance Auto Auctions records, attached as Exhibit A to GEICO's Brief in Support of Motion for Summary).

{Firm/201/01537/PLEADING/01556539.DOC }

6.

Insurance Auto Auctions made a second attempt to retrieve the vehicle at 3207 Henderson Mill Road on April 27, 2012. *Id.*

7.

Again, the vehicle was not found at 3207 Henderson Mill Road. *Id.*

8.

On May 3, 2012, an employee with Insurance Auto Auctions spoke with Plaintiff, and Plaintiff agreed to make the vehicle available for pickup at 3207 Henderson Mill Road on May 4, 2012, between 12:00 p.m. and 5:00 p.m. *Id.*

9.

When the agent for Insurance Auto Auctions arrived at 3207 Henderson Mill Road on May 4, 2012, the vehicle, once again, could not be located, and Plaintiff refused to speak with the driver. *Id.*

10.

On May 15, 2012, GEICO assigned Mike Mitchell ("Mitchell"), a senior investigator with GEICO's Special Investigations Unit, to locate the vehicle. (Mike Mitchell Aff.).

- 3 -

11.

Mitchell was aware that GEICO had paid Plaintiff for the vehicle and of Insurance Auto Auctions' previous unsuccessful attempts to retrieve the vehicle. (Mitchell Aff., ¶ 4).

12.

Mitchell's investigation included: attempting to contact Plaintiff, canvassing the apartments at 3207 Henderson Mill Road, canvassing Plaintiff's prior addresses, interviewing employees at the management office of 3207 Henderson Mill Road, reviewing towing logs for 3207 Henderson Mill Road, and speaking with Mayra Rubio ("Rubio"), Plaintiff's legal counsel's assistant. (Mitchell Aff., ¶¶ 5-11).

13.

Mitchell informed Rubio that if the vehicle was not recovered, he would report Plaintiff to the police. (Mitchell Aff., ¶ 10).

14.

On May 31, 2012, Rubio told Mitchell that Plaintiff moved the vehicle to a parking lot at 3559 Chamblee Tucker Road, and that Plaintiff had since reported the vehicle stolen. (Mitchell Aff., ¶ 11).

{Firm/201/01537/PLEADING/01556539.DOC }

15.

Mitchell could not locate the vehicle at 3559 Chamblee Tucker Road. (Mitchell Aff., ¶ 12).

16.

Mitchell spoke with a manager, Jonathan Lewis ("Lewis"), at the Kroger Shopping Center located at 3559 Chamblee Tucker Road. *Id.*

17.

Lewis reviewed towing records for the lot and could not locate any record of the vehicle being towed from 3559 Chamblee Tucker Road. *Id.*

18.

On June 4, 2012, Rubio advised Mitchell she could no longer reach Plaintiff or get Plaintiff to return her calls. (Mitchell Aff., ¶ 13).

19.

On June 7, 2012, Mitchell filed an incident report with the Chamblee Police Department. (Mitchell Aff., ¶ 14).

20.

Mitchell also provided a written statement to the Chamblee Police Department. *Id.*

{Firm/201/01537/PLEADING/01556539.DOC }

21.

Mitchell's statement included the following facts: 1) GEICO issued payment of $1,108.01 to Plaintiff for her vehicle; 2) Plaintiff signed title of her vehicle over to GEICO; 3) Plaintiff retained possession of the vehicle after receiving payment; 4) Plaintiff agreed to make the vehicle available for pickup by GEICO representatives; 5) GEICO representatives attempted to recover Plaintiff's vehicle on multiple occasions; 6) Plaintiff moved the vehicle prior to the representatives arrival; 7) Plaintiff later moved the vehicle to a parking lot at 3559 Chamblee Tucker Rd.; and 8) Plaintiff had since reported the vehicle stolen to the DeKalb Police Department. (*Id.*; *see also* Detective Chris Newberry Aff.).

22.

Mitchell was not involved in the Chamblee Police Department's investigation regarding the vehicle. (Mitchell Aff., ¶ 15).

23.

Mitchell was not involved in the decision to swear a warrant out for Plaintiff's arrest. *Id.*

24.

Although he made multiple attempts to contact Plaintiff, Mitchell never met or spoke to Plaintiff during his investigation. (Mitchell Aff., ¶ 16).

- 6 -

25.

Mitchell's decision to report Plaintiff's actions to the police was not motivated by personal spite or ill will toward Plaintiff. *Id.*

26.

Mitchell reported Plaintiff's actions to the police because the vehicle could not be located, and because he could not reach Plaintiff by phone or through her attorney. *Id.*

27.

The case was assigned to Detective Chris Newberry ("Newberry") with the Chamblee Police Department. (Newberry Aff., ¶ 3).

28.

Detective Newberry conducted an independent investigation which included: reviewing Mitchell's statement and Plaintiff's police report, contacting Mitchell and the DeKalb Police Department, verifying the vehicle had not been recovered by GEICO or DeKalb County, attempting to contact Plaintiff multiple times, and conducting a Georgia Crime Information Center search to determine if any agency had located the vehicle. (Newberry Aff., ¶¶ 5-14).

- 7 -

29.

Based on inconsistencies and omissions contained in Plaintiff's police report, Plaintiff's delay in reporting the vehicle stolen, Plaintiff's failure to return Newberry's calls, and Plaintiff's decision to frequently relocate her totaled vehicle, Detective Newberry suspected Plaintiff had "sold the vehicle and had reported her vehicle stolen to obstruct GEICO's attempts to recover her vehicle." (Newberry Aff., ¶¶ 5-13).

30.

On July 24, 2012, based on his independent investigation and professional judgment, Detective Newberry presented the facts of the case to Judge Harvey at the DeKalb County Magistrate Court. (Newberry Aff., ¶¶ 15-16).

31.

Judge Harvey agreed there was probable cause for the charge of Concealment of Property, and a warrant was sworn out against Plaintiff on July 24, 2012. *Id.*

32.

On March 8, 2014, Plaintiff was arrested based on the warrant issued on July 24, 2012. (Pl.'s Comp., ¶ 26).

- 8 -

33.

The charges against Plaintiff, and the July 24, 2012, warrant, were reviewed by Deputy Chief Assistant Solicitor-General Kelly McMichael ("McMichael"). (Solicitor Kelly McMichael Aff.).

34.

Solicitor McMichael determined the statute of limitations for the charges against Plaintiff had expired, and filed a Notice That No Accusation Will Be Filed on April 14, 2014.  (McMichael Aff., ¶¶ 4-7).

35.

The April 14, 2014, Notice That No Accusation Will Be Filed terminated the criminal case against Plaintiff.  (McMichael Aff., ¶ 8).

36.

Plaintiff did not appear before any court of record for the charges listed in the July 24, 2012, warrant.  (McMichael Aff., ¶ 9).

37.

There was no prosecution of Plaintiff for the charges listed in the July 24, 2012, warrant.  (McMichael Aff., ¶ 10).

{Signature on the Following Page}

- 9 -

This ___ day of March, 2017.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

_____

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CRAIG P. TERRETT**
Georgia Bar No. 702410
**ROBERT N. FRIEDMAN**
Georgia Bar No. 945494
*Attorneys for Defendant GEICO Indemnity Company*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
cterrett@cmlawfirm.com

## LOCAL RULE CERTIFICATION

Counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in LR 5.1C.  Specifically, Times New Roman was used in 14 point.

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed DEFENDANT GEICO

INDEMNITY COMPANY'S STATEMENT OF MATERIAL FACTS

AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED with the Clerk

of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to the following attorneys of record:

Talal "Perez" Ghosheh, Esq.
Ghosheh Law Firm, LLC
242 South Culver Street, Suite 200
Lawrenceville, GA 30046
talal@ghoshehlaw.com
*Counsel for Plaintiff*

This _____ day of March, 2017.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CRAIG P. TERRETT**
Georgia Bar No. 702410
**ROBERT N. FRIEDMAN**
Georgia Bar No. 945494
*Attorneys for Defendant GEICO Indemnity
Company*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
cterrett@cmlawfirm.com

- 11 -

{Firm/201/01537/PLEADING/01556539.DOC }