IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROSINDA MATUTE-CASTELLANOS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION FILE |
| GEICO INDEMNITY COMPANY, JOHN DOE 1, and JOHN DOE 2, | § § § § | NO. 1:16-CV-03756-TWT |
| Defendants. | § § | |

**DEFENDANT GEICO INDEMNITY COMPANY'S
FIRST INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW **GEICO INDEMNITY COMPANY** ("GEICO"), a

Defendant in the above-styled civil action, by and through its undersigned counsel,

and, pursuant to Fed. R. Civ. P. 33 and 34, submits to Plaintiff for response, within

thirty (30) days after service hereof, in the form provided by law, the following

interrogatories and request for production of documents, the same being continuing

in nature, requiring a supplemental response upon the discovery of other or further

information or documents effecting a response hereto.

## GENERAL DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

The following terms are contained within Defendant's Interrogatories and Request for Production of Documents under Fed. R. Civ. P. 33 and 34 to Plaintiff and are defined as follows:

"**Communication(s)**" means and refers to both written and oral exchanges including, but not limited to, verbal conversations, such as telephone calls and/or words spoken at a meeting, encounter or speech, and any writing such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings and sketches.

"**Defendant**" means GEICO INDEMNITY COMPANY.

"**Document(s)**" means all writings, drawings, graphs, e-mails, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the Defendant through detection devices into reasonably usable form, of every type and description that is in your possession or control — including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, reports, publications, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality

- 2 -

control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify**" means:

    a.    with respect to "**persons**" who are individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each **person** mentioned;

    b.    with respect to institutions, businesses, groups or other organizations, to provide the current or last-known complete name, address and telephone number for each; and

    c.    with respect to "**documents**," to provide—irrespective of whether the **document** is subject to any claim of privilege—the title or other means of identification of each **document**, the date of each **document**, the name and address of the author, the name and address of each recipient, and the name and address

- 3 -

of all **persons** who have custody, control or possession of each

**document** or copies of it.

"**Occurrence**" means the incident or event that gives rise to this lawsuit.

"**Person(s)**" means any natural person, corporation, partnership,

proprietorship, association, organization, or group of persons.

"**Vehicle**" shall refer to your vehicle, a 1988 Mercury Tracer, VIN

3MABM1259JR667971, that was involved in the March 8, 2012 accident that is

referenced in your Complaint.

"**You**" or "**Your**" shall refer to ROSINDA MATUTE-CASTELLANOS.

## INTERROGATORIES

1.

Please state **your** date of birth; marital status and full name of spouse; Social

Security number; and educational background including all schools, institutions,

trade or professional schools attended, the dates of attendance of each, and the

degrees, certificates or licenses obtained at each.

2.

If **you** or any member of **your** immediate family have ever been a party to a

civil action of any kind (including bankruptcy and other insolvency proceedings)

or criminal proceeding (including first offender charges), for each such proceeding

- 4 -

{Firm/201/01537/01470591.DOC }

please give the style of the case, docket number, the court in which the case was held, the date the case was initiated, the substance of the case and its present status or ultimate disposition.

3.

Are **you**, **your** attorneys, or anyone acting on **your** behalf, in possession of any admissions against interest made by anyone concerning the subject matter of this litigation or concerning the **Defendant**? If so, please provide a detailed description of the admission(s) and who has knowledge of same.

3.

**Identify** all **persons** who to **your** knowledge, information or belief have investigated any aspect of this **occurrence**, and **identify** each **document** concerning any part of the investigation.

4.

**Identify** each **person** that, to **you** or **your** representative's knowledge, information or belief:

(a)    Were witnesses to any **communication** with **Defendant**;

(b)    Were eyewitnesses to the **occurrence**; and

- 5 -

(b)    Have discoverable information relevant to this **occurrence**, including any issue of liability or damages; and indicate the subjects of the information.

5.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any **person** with information relevant to this lawsuit, please **identify** each **person** giving the statement, the **person** taking each statement, the date each statement was taken, and each **person** having possession, custody or control of each statement.

6.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other **documents** illustrating any place or thing concerning this **occurrence** or relevant to this lawsuit, giving the date each was made, and **identify** the **person(s)** with possession, custody or control of each item or a copy of any item.

7.

Provide a complete and detailed accounting of all damages **you** have incurred, including, without limitation, a full and complete itemization of the costs, expenses, damages, monies and other relief sought to be recovered in the

- 6 -

{Firm/201/01537/01470591.DOC }

Complaint, including direct, indirect, incidental, consequential, liquidated, exemplary, and/or punitive damages. The accounting should include, without limitation:

a.    the specific amount of the cost or damage;

b.    the identity of the cost or relief sought;

c.    the method by which cost was calculated, allocated and/or accounted;

d.    a description of all related **communications, documents** and other objects; and

e.    the causal relationship of such cost or damage to any particular act or omission contended by **you** to be the responsibility of any of the **Defendants**.

8.

**Identify** all **persons**:

a.    who took part in moving **your vehicle** after the March 8, 2012 accident;

b.    who took part in attempting to locate **your vehicle** after the March 8, 2012 accident; and

c.    who provided any information to this **Defendant** regarding the location of your **vehicle** after the March 8, 2012 accident.

- 7 -

With regard to each such **person**, please state in detail the particular part of his/her involvement, role or function served in this regard.

9.

Please describe each act or omission that **you** contend was a breach of duty on the part of this **Defendant**.

10.

Please identify the address **you** allege that **you** left your vehicle at in paragraph 12 of Plaintiff's Complaint.

11.

Following the March 8, 2012 accident, **identify** all dates and times that you allege your vehicle was at the address identified in **your** responses to Interrogatory No. 10, and provide the name, address, and telephone number for anyone that witnessed your vehicle present at this address during these time periods.

12.

If it is your allegation that **you** communicated the location of **your** vehicle to the **Defendant** following the March 8, 2012 accident, please state as follows:

    a.    **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

- 8 -

b. **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c. **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d. State in reasonable detail the facts upon which **you** base said allegation.

13.

With regard to your allegation contained in paragraph 12 of Plaintiff's Complaint that **you** "cooperated with an unknown agent of Defendants to arrange pickup of the vehicle," please state as follows:

a. **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b. **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c. **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d. State in reasonable detail the facts upon which **you** base said allegation.

{Firm/201/01537/01470591.DOC }

14.

Please **identify** any communications you had with this **Defendant** regarding **your vehicle** after the March 8, 2012 accident.

15.

Please **identify** each and every address and/or location **you** left **your vehicle** at for pick up by this **Defendant** after the March 8, 2012 accident.

16.

Please **identify** any and all **communication(s)** that **you** have had with the **Defendant** at any time regarding this **occurrence** or the subject matter of this lawsuit.

17.

Please **identify** any and all **communication(s)** that **you** have had with **your** landlord at any time regarding this **occurrence** or the subject matter of this lawsuit.

18.

With regard to your allegation contained in paragraph 13 of Plaintiff's Complaint that "Defendants' agent failed to pick up the vehicle in a timely manner…," please state as follows:

- 10 -

{Firm/201/01537/01470591.DOC }

a.   **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.   **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.   **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d.   State in reasonable detail the facts upon which **you** base said allegation.

19.

With regard to your allegation contained in paragraph 13 of Plaintiff's Complaint that "Plaintiff was told by her landlord that she must move the totaled vehicle from the residence or it would be towed as salvage vehicles cannot be stored there," please state as follows:

a.   **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.   **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.   **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

- 11 -

{Firm/201/01537/01470591.DOC }

d.      State in reasonable detail the <u>facts</u> upon which **you** base said

allegation.

20.

Please state the date **you** moved **your vehicle** to a public parking lot located

at 3559 Chamblee-Tucker Road, Chamblee, GA 30341.

21.

Please describe in detail how **you** moved **your vehicle** to a public parking

lot located at 3559 Chamblee-Tucker Road, Chamblee, GA 30341.

22.

Please state the date and method of communication **you** utilized to inform

this **Defendant** that **you** moved **your vehicle** to a public parking lot located at

3559 Chamblee-Tucker Road, Chamblee, GA 30341.

23.

With regard to your allegation contained in paragraph 14 of Plaintiff's

Complaint that Plaintiff "informed the Defendant GEICO INDEMNITY

COMPANY ... of the whereabouts of the vehicle at the new address....", please

state as follows:

a.      **Identify** each **person** who is or was an eyewitness to any fact,

incident, or **occurrence** which is the basis of said allegation;

- 12 -

b.    **Identify** each **person** who, though not an eyewitness, has knowledge

of facts or circumstances upon which said allegation is based;

c.    **Identify** each **document** which reflects, memorializes, or relates to

**your** said allegation; and

d.    State in reasonable detail the facts upon which **you** base said

allegation.

24.

With regard to your allegation contained in paragraph 15 of Plaintiff's

Complaint that "An unknown agent of Defendant GEICO INDEMNITY

COMPANY, Defendant JOHN DOE 1 is believed to have picked up the vehicle

from the public parking lot between May 11, 2012 and May 21, 2012," please state

as follows:

a.    **Identify** each **person** who is or was an eyewitness to any fact,

incident, or **occurrence** which is the basis of said allegation;

b.    **Identify** each **person** who, though not an eyewitness, has knowledge

of facts or circumstances upon which said allegation is based;

c.    **Identify** each **document** which reflects, memorializes, or relates to

**your** said allegation; and

- 13 -

d.    State in reasonable detail the facts upon which **you** base said

allegation.

25.

With regard to your allegation contained in paragraph 17 of Plaintiff's

Complaint that "Plaintiff, through her counsel, worked diligently to find the

whereabouts of the vehicle, but was unable to track it down," please state as

follows:

a.    **Identify** each **person** who is or was an eyewitness to any fact,

incident, or **occurrence** which is the basis of said allegation;

b.    **Identify** each **person** who, though not an eyewitness, has knowledge

of facts or circumstances upon which said allegation is based;

c.    **Identify** each **document** which reflects, memorializes, or relates to

**your** said allegation; and

d.    State in reasonable detail the facts upon which **you** base said

allegation.

26.

With regard to your allegation contained in paragraph 18 of Plaintiff's

Complaint that "Plaintiff … cooperated in all regards to the investigation," please

state as follows:

- 14 -

{Firm/201/01537/01470591.DOC }

a.    **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.    **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.    **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d.    State in reasonable detail the facts upon which **you** base said allegation.

27.

With regard to your allegation contained in paragraph 22 of Plaintiff's Complaint that "An arrest warrant was issued based solely on the information provided by the Defendant GEICO INDEMNITY COMPANY's staff," please state as follows:

a.    **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.    **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.    **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

- 15 -

{Firm/201/01537/01470591.DOC }

d. State in reasonable detail the facts upon which **you** base said allegation.

28.

With regard to your allegation contained in paragraph 27 of Plaintiff's Complaint that "Plaintiff nor her counsel had knowledge that the arrest warrant had been taken out, nor that this matter was still pending," please state as follows:

a. **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b. **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c. **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d. State in reasonable detail the facts upon which **you** base said allegation.

29.

With regard to your allegation contained in paragraph 30 of Plaintiff's Complaint that "Plaintiff did not commit any crime against Defendants or anyone else, but rather was a victim of the carelessness and negligence of the Defendants," please state as follows:

- 16 -

a.   **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.   **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.   **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d.   State in reasonable detail the facts upon which **you** base said allegation.

30.

With regard to your allegation contained in paragraph 32 of Plaintiff's Complaint that "Plaintiff believes that the vehicle was picked up by an agent of Defendant GEICO INDEMNITY COMPANY and was subsequently sold," please state as follows:

a.   **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.   **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.   **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

- 17 -

d.    State in reasonable detail the facts upon which **you** base said

allegation.

31.

With regard to your allegation contained in paragraph 35 of Plaintiff's

Complaint that "Defendant's staff did not have probable cause to believe that

plaintiff committed a crime," please state as follows:

a.    **Identify** each **person** who is or was an eyewitness to any fact,

incident, or **occurrence** which is the basis of said allegation;

b.    **Identify** each **person** who, though not an eyewitness, has knowledge

of facts or circumstances upon which said allegation is based;

c.    **Identify** each **document** which reflects, memorializes, or relates to

**your** said allegation; and

d.    State in reasonable detail the facts upon which **you** base said

allegation.

32.

With regard to your allegation contained in paragraph 36 of Plaintiff's

Complaint that "Defendants' staff provided false information and omitted

important information to the police in order to have Plaintiff arrested," please state

as follows:

- 18 -

{Firm/201/01537/01470591.DOC }

a.  **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.  **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.  **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d.  State in reasonable detail the facts upon which **you** base said allegation.

33.

With regard to your allegation contained in paragraph 37 of Plaintiff's Complaint that "Plaintiff was falsely arrested as a result of the false and inaccurate information provided to the Chamblee Police," please state as follows:

a.  **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.  **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.  **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

- 19 -

{Firm/201/01537/01470591.DOC }

d.      State in reasonable detail the facts upon which **you** base said allegation.

34.

With regard to your allegation contained in paragraph 38 of Plaintiff's Complaint that "Defendants' staff acted with malice and without sufficient probable cause in having Plaintiff arrested," please state as follows:

a.      **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.      **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.      **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d.      State in reasonable detail the facts upon which **you** base said allegation.

35.

With regard to your allegation contained in paragraph 39 of Plaintiff's Complaint that "Defendants' maliciously and without probable cause prosecuted plaintiff for the crime of Concealment of Property with Security Lien, in violation of O.C.G.A. § 16-9-51," please state as follows:

- 20 -

{Firm/201/01537/01470591.DOC }

a.    **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.    **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.    **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d.    State in reasonable detail the facts upon which **you** base said allegation.

36.

With regard to your allegation contained in paragraph 42 of Plaintiff's Complaint that "Defendants were negligent in hiring, training and supervising the staff in the pickup and investigation of the recovery of vehicles and reporting them to the State," please state as follows:

a.    **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.    **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.    **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

- 21 -

{Firm/201/01537/01470591.DOC }

d.  State in reasonable detail the facts upon which you base said allegation.

37.

With regard to your allegation contained in paragraph 43 of Plaintiff's Complaint that "Defendants' negligence in hiring, training and supervising the individuals resulting in the arrest of plaintiff," please state as follows:

a.  **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.  **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.  **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d.  State in reasonable detail the facts upon which you base said allegation.

38.

With regard to your allegation contained in paragraph 46 of Plaintiff's Complaint that "Defendants are responsible for the conduct and actions of the individuals working at ... JOHN DOE 1, and JOHN DOE 2...." please state as follows:

- 22 -

a.   **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.   **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.   **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

d.   State in reasonable detail the facts upon which **you** base said allegation.

39.

With regard to your allegation contained in paragraph 48 of Plaintiff's Complaint that "Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of its actions and entitles plaintiff to an award of punitive damages," please state as follows:

a.   **Identify** each **person** who is or was an eyewitness to any fact, incident, or **occurrence** which is the basis of said allegation;

b.   **Identify** each **person** who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

c.   **Identify** each **document** which reflects, memorializes, or relates to **your** said allegation; and

- 23 -

{Firm/201/01537/01470591.DOC }

d.      State in reasonable detail the <u>facts</u> upon which **you** base said

allegation.

40.

Please **identify** any **diary**, whether written or electronically stored, that **you**, or

**your** representatives or agents, have kept since the subject incident which in any way

references, discusses, or depicts the subject incident.

41.

Please state whether **you** (or anyone on **your** behalf) have posted (or replied to

any posting) on any internet social media websites or blogs (including, but not

limited to Facebook, Twitter, Instagram, Myspace, Pinterest, Wordpress, etc.) any

writings, messages, texts, electronic mail, instant messages, pictures, videos, etc.

which in any way relate to:

a.      the subject incident;

b.      any injuries (or absence of injuries) **you** suffered from the subject

incident;

c.      any impairment (or absence of impairment) of **your** ability to work or

be active because of the subject incident.

- 24 -

d.   If yes, do not destroy or delete any such postings or writings, rather please state when such postings were made, and which internet social media website such postings or writings were made.

### REQUEST FOR PRODUCTION OF DOCUMENTS

### PRODUCE A TRUE AND CORRECT COPY OF EACH OF THE FOLLOWING DOCUMENTS AND TANGIBLE THINGS:

1.

All **documents** relating to **your vehicle** following the March 8, 2012 accident, including but not limited to, all documents that relate to or involve **your** settlement with GEICO, **your** or **your** counsel's communications with GEICO, any movement of **your vehicle** following the March 8, 2012 accident, the location of **your vehicle** following the March 8, 2012 accident, and any communications between **you** and **your** landlord regarding **your vehicle** following the March 8, 2012 accident.

2.

All **documents** relating to **your** March 8, 2014 arrest.

3.

All **documents** relating to or evidencing any prosecution of **you** that took place following **your** March 8, 2014 arrest.

{Firm/201/01537/01470591.DOC }

4.

All **documents** relating to or evidencing **your** allegation that this **Defendant** provided false information and omitted important information to the police in order to have **you** arrested.

5.

All **documents** relating to or evidencing **your** allegation that this **Defendant** acted with malice and without sufficient probable cause in having **you** arrested.

6.

All **documents** relating to or evidencing **your** allegation that this **Defendant** maliciously and without probable cause prosecuted **you** for the crime of Concealment of Property with Security Lien, in violation of O.C.G.A. § 16-9-51.

7.

All **documents** relating to or evidencing **your** allegation that this **Defendant** was negligent in hiring, training and supervising its staff.

8.

All **documents** relating to or evidencing **your** allegation that this **Defendant's** conduct was reckless, willful and wanton, and demonstrated a conscious indifference to the consequences of its actions.

- 26 -

9.

All photos or color copies of photos, videotapes, diagrams, plats, and other **documents** illustrating **persons**, places, products and tangible things concerning this **occurrence**, or that are relevant to the subject matter involved in this lawsuit.

10.

All **documents** concerning the investigation of this **occurrence**.

11.

All statements (written, recorded, etc.) from this **Defendant** and agents, representatives, employees or former employees of this **Defendant** concerning this **occurrence** or relevant to the subject matter involved in this lawsuit.

12.

All statements (written, recorded, etc.) from other **persons** concerning this **occurrence** or relevant to the subject matter involved in this lawsuit.

13.

All statements (including, without limitation, transcripts of testimony) from this **Defendant** and each agent or representative of this **Defendant** concerning any other **occurrence**, lawsuit, hearing or proceeding, which **you** contend are relevant to any issue in this lawsuit.

- 27 -

{Firm/201/01537/01470591.DOC }

14.

A computation of each category of damages **you** claim, along with the **documents** or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

15.

All government statutes, ordinances, regulations and other laws that **you** contend this **Defendant** did not adhere to or follow.

16.

All industry and other standards, guidelines or recommendations that **you** contend this **Defendant** did not adhere to or follow.

17.

All **documents** that support or concern **your** contentions that acts or omissions of this **Defendant** caused or contributed to this **occurrence**.

18.

All field notes, sketches, diagrams, letters, memos, reports, photos, **communication** and other **documents** concerning this **occurrence** or other subject matter involved in this lawsuit that have been generated by or for experts consulted in this case.

- 28 -

19.

All reports, correspondence, memos, notes, photos, trial exhibits and other **documents** embodying observations, calculations, illustrations, and opinions from accident reconstruction experts, engineers, or other experts that may testify at trial concerning this **occurrence** or other subject matter involved in this lawsuit.

20.

All **documents** and tangible things which constitute evidence reasonably relied upon by each expert which supports **your** contentions regarding liability and damages.

21.

A current CV and all statements for services rendered by each expert retained to testify in this case.

22.

All **documents** that contain information, whether or not hearsay, as to of this **occurrence** that have not already been requested.

23.

All **documents** identified or referenced in response to this **Defendant's** Interrogatories to Plaintiff.

- 29 -

24.

For each Facebook account maintained by **you**, produce **your** account data for the period of one year prior to the **occurrence** through the present. **You** may download and print **your** Facebook data by logging onto **your** Facebook account, selecting "Account Settings" under the "Account" tab on **your** Home Page, clicking on the "Learn More" link beside the "Download Your Information" tab, and following the directions on the "Download Your Information" page.

25.

For each internet social media website or blog **you** identified in response to Interrogatory No. 41, please produce **your** account data for the period of one year prior to the **occurrence** through the present.

This _23rd_ day of November, 2016.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
njackson@cmlawfirm.com

**J. ROBB CRUSER**
Georgia Bar No. 199480
**NOLA D. JACKSON**
Georgia Bar No. 387799
*Attorneys for Defendant GEICO Indemnity
Company*

- 30 -

## LOCAL RULE CERTIFICATION

Counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in LR 5.1C. Specifically, Times New Roman was used in 14 point.

{Firm/201/01537/01470591.DOC }

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT GEICO INDEMNITY COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Talal "Perez" Ghosheh, Esq.
Ghosheh Law Firm, LLC
242 South Culver Street, Suite 200
Lawrenceville, GA 30046
*Counsel for Plaintiff*

This 23rd day of November, 2016.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

J. ROBB CRUSER
Georgia Bar No. 199480
**NOLA D. JACKSON**
Georgia Bar No. 387799
*Attorneys for Defendant GEICO Indemnity Company*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
njackson@cmlawfirm.com

- 32 -

{Firm/201/01537/01470591.DOC }