IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



ROSINDA MATUTE-
CASTELLANOS,

    Plaintiff,

vs.

GEICO INDEMNITY COMPANY,
JOHN DOE 1, and JOHN DOE 2.

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION FILE

NO. 1:16-CV-03756-TWTY

## PLAINTIFF'S RESPONSE TO GEICO INDEMNITY COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS UNDER O.C.G.A § 24-13-27 TO PLAINTIFF

COMES NOW, ROSINDA MATUTE-CASTELLANOS, Plaintiff in the above- mentioned matter and responds to Defendant GEICO INDEMNITY COMPANY's First Interrogatories to Plaintiff as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to each Interrogatory which purports to impose obligations on Plaintiff beyond the requirements of Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33, which will govern Plaintiff's responses.

2. Plaintiff objects to the Requests to the extent they seek materials prepared in

1

anticipation of litigation, or which contain or reflect or call for the disclosure of the mental impressions, conclusions, opinions and legal theories of any attorney or Plaintiff, or any other information protected by the Federal Rules of Civil Procedure.

3. Plaintiff objects to the Requests to the extent they seek information protected from discovery under the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other privilege recognized under the law. Plaintiff will not produce such information.

4. Plaintiff objects to the Requests to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information. Plaintiff will produce such information, if requested and not otherwise objectionable, only after entry of a suitable protective order.

5. Plaintiff objects to the characterization of these Interrogatories as "continuing." Plaintiff will supplement his responses to the Interrogatories as required by the applicable provisions of the Federal Rules of Civil Procedure.

6. In responding, Plaintiff does not concede that that any Interrogatories to which Plaintiff responds are relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff expressly reserves both the right to object further into subject matter of these Requests and the right to object to introduction into evidence of responses to these Requests. Plaintiff also reserves the right to question the authenticity, relevancy, materiality, privilege and admissibility as evidence for any purpose of the information provided and the documents identified and/or produced in response to these Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

7. Plaintiff reserves his right to amend, supplement, or revise its response as necessary up to and including the time of trial.

## OBJECTIONS TO PRELIMINARY INSTRUCTIONS

8. The Responding Party objects to all of the general instructions and directions that precede the interrogatories on the grounds that they do not pose questions nor do they request any discoverable information permitted by Rule 26 of the Federal Rules of Civil Procedure; by reason of the foregoing, the directions misstate the obligations of the Responding Party as dictated by the applicable court rules. In addition to the preceding objections, the preliminary instructions require the Responding Party to supply attorney work product to the Requesting Party.

9. Plaintiff reserves the right to amend, supplement, or revise its response as

3

necessary up to and including the time of trial.

10. The Responding Party objects to all of the general instructions and directions that precede the interrogatories on the grounds that they do not pose questions nor do they request any discoverable information permitted by Rule 26 of the Federal Rules of Civil Procedure; by reason of the foregoing, the directions misstate the obligations of the Responding Party as dictated by the applicable court rules. In addition to the preceding objections, the preliminary instructions require the Responding Party to supply attorney work product to the Requesting Party.

Subject to the foregoing and without waiving same, Plaintiff hereby response to Defendant's Requests as follows:

## RESPONSES TO INTERROGATORIES

**1.     Please state your date of birth; marital status and full name of spouse; and social security number; and educational background including all schools, institutions, trade or professional schools attended, the dates of attendance of each, and the degrees, certificates or licenses obtained at each.**

## RESPONSE

4

Plaintiff objects to providing her social security number in a document that may become public record but agrees to provide the same at a later mutually agreeable time and place.   Plaintiff further objects on the ground of irrelevance, her educational background is irrelevant to the subject matter of this lawsuit, and the information sought is not reasonably calculated to lead to discovery of admissible evidence, but subject to and without waiving this objection the Plaintiff to the best of her knowledge, information and belief responds as follows:

a) DOB: 01/13/1981;

b) Spouse: Juan Carlos Caballero; and

c) Plaintiff completed up to the 6th grade in Honduras and no degrees, certificates or licenses have been obtained.

Plaintiff reserves the right to supplement this response as discovery is ongoing.

**2.    If you or any of your immediate family have ever been a party to a civil action of any kind (including bankruptcy and other insolvency proceedings) or criminal proceeding (including first offender charges), for each such proceeding please give the style of the case, docket number, the court in which the case was held, the date the case was initiated, the substance of the case and its present status or ultimate disposition.**

5

**RESPONSE**

Plaintiff objects to this request on the grounds that the discovery and disclosures sought by the Plaintiff are totally irrelevant, will not lead to the discovery of any admissible evidence, and were designed as the result of ulterior motives to obtain information that is completely unrelated to the material issues of this litigation. To the best of Plaintiff's knowledge, information, and belief she responds as follows:

a) Plaintiff was arrested for Concealment/ Endanger Property for Security Interest, case no. S2179282-03, State Court of DeKalb, initiated on or about July 24, 2012, no accusation was filed.

b) Plaintiff's husband was arrested for intent to sale drugs in or about 2009 in Gwinnett County.

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

**3.     Are you, your attorneys, or anyone acting on your behalf, in possession of any admissions against interest made by anyone concerning the subject matter of this litigation or concerning the Defendant? If so, please provide a detailed description of the admission(s) and who has knowledge of same.**

**RESPONSE**

6

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory on the grounds that it seeks information covered under the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving this objection, Plaintiff responds as follows:

To the best of Plaintiff's, knowledge, information, and belief her, her attorneys, or anyone acting on her behalf, are not in possession of any admissions against interest made by anyone concerning the subject matter of this litigation or concerning the Defendant.

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

3.     **Identify all persons who to your knowledge, information or belief have investigated any aspect of this occurrence, and identify each document concerning any part of the investigation.**

**RESPONSE**

Plaintiff objects on the grounds that, the request seeks privileged attorney work product, and communications seeking mental impressions, opinions, and theories protected by attorney client privilege and/or attorney work product, but subject to and without waiving objection Plaintiff responds as follows:

7

To the best of Plaintiff's knowledge, information, and belief the only persons who have investigated any aspect if this occurrence are the following:

a) Officer V.A. Clark, DeKalb County Police Department, 1960 W Exchange Pl, Tucker, GA 30084, 770-724-7600, Incident Report, case no.: 12-060825;

b) Tom Knott, Legal Advocate Services & Investigations, LLC, 4133 Oberon Drive, Smyrna, GA 30080, 404-551-3310;

c) Mayra Rubio, 3675 Crestwood Parkway, suite 406, Duluth, GA 30096, 678-805-7478;

d) Jennifer Donacik with Geico, 770-658-7523, address unknown;

e) Investigator Michael, last name unknown from Geico's Special Investigation Unit, 404-991-8247, address unknown.

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

4.   **Identify each person that, to you or your representative's knowledge, information or belief:**

a) **Were witnesses to any communication with Defendant;**

b) **Were eyewitnesses to the occurrence; and**

c) **Have discoverable information relevant to this occurrence, including any issue of liability or damages; and indicate the**

8

**subjects of the information.**

**RESPONSE**

Plaintiff objects on the grounds that, the request seeks privileged attorney work product, and communications seeking mental impressions, opinions, and theories protected by attorney client privilege and/or attorney work product, but subject to and without waiving these objections Plaintiff responds as follows:

To the best of Plaintiff's knowledge, information, and belief the only persons who were witnesses to any communication with Defendant, were eyewitnesses to the occurrence or may have discoverable information relevant to this occurrence are the following:

a) Mayra Rubio, 3675 Crestwood Parkway, suite 406, Duluth, GA 30096, 678-805-7478;

b) Jennifer Donacik with Geico, 770-658-7523, address unknown;

c) Investigator Michael, last name unknown from Geico's Special Investigation Unit, 404-991-8247, address unknown;

d) Juan Carlos Caballero, 770-256-0256, 5515 Rockbridge Circle, Lilburn, GA.

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

9

5.     With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with information relevant to this lawsuit, please identify each person giving the statement, the person taking each statement, the date each statement was taken, and each person having possession, custody or control of each statement.

RESPONSE

Plaintiff objects on the grounds that, the request seeks privileged attorney work product, and communications seeking mental impressions, opinions, and theories protected by attorney client privilege and/or attorney work product, but subject to and without waiving objection Plaintiff to the best of her knowledge, information, and belief responds as follows:

a) Mayra Rubio had a telephone conversation with Michelle form Geico on or about 05/02/2012;

b) Mayra Rubio had a telephone conversation with Someone from Insurance Auto Auction to give him the new location of the vehicle, 3559 Chamblee Tucker Road, Chamblee, GA 30341 on or about 05/11/2012;

c) Mayra Rubio had a telephone conversation with Jennifer Donacik with Geico on or about 05/30/2012;

10

d) Rosinda Matute reported the vehicle stolen to DeKalb County Police Department, 05/31/2012, Plaintiff's counsel is in possession of Police Report;

e) Mayra Rubio had a telephone conversation with Michael from Geico's Special Investigations Unit on or about 05/31/2012;

f) Mayra Rubio had a telephone conversation with Michael from Geico's Special Investigations Unit on or about 06/04/2012;

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

**6. Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other documents illustrating any place or thing concerning this occurrence or relevant to this lawsuit, giving the date each was made, and identify the person(s) with possession, custody or control of each item or a copy of any item.**

<u>**RESPONSE**</u>

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

a) Police Report, made on 05/31/2012, in possession of Plaintiff's counsel.

11

b) Log from Insurance Auto Auctions Corp., in possession of Plaintiff's counsel.

c) Telephone recordings, Plaintiff is in the process of identifying recorded conversations between Plaintiff's attorney and attorney's staff with Defendant. Plaintiff's attorney would be in possession of the recordings.

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

7.   **Provide a complete and detailed accounting of all damages you have incurred, including, without limitation, a full and complete itemization of the costs, expenses, damages, monies and other relief sought to be recovered in the Complaint, including direct, indirect, incidental, consequential, liquidated, exemplary, and/or punitive damages. The accounting should include, without limitation:**

a) **The specific amount of the cost or damage;**

b) **The identity of the cost or relief sought;**

c) **The method by which cost was calculated, allocated and/or accounted;**

d) **A description of all related communications, documents and other**

12

**objects, and**

**e) The causal relationship of such cost or damage to any particular act or omission contended by you to be the responsibility of any of the Defendants.**

RESPONSE

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

1) Attorney Representation: $1,500.00

2) Bond for Arrest: $650.00

3) Court Costs: approximately $1,000.00

4) Babysitter while detained: $ 200.00

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

8.   **Identify all persons:**

**a) Who took part in moving your vehicle after the March 8, 2012 accident;**

**b) Who took part in attempting to locate your vehicle after the March 8, 2012 accident; and**

**c) Who provided any information to this Defendant regarding the**

13

**location of your vehicle after the March 8, 2012 accident.**

**With regard to each such person, please state in detail the particular part of his/her involvement, role or function served in this regard.**

RESPONSE

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

a) Juan Caballero and Sandra Caballero, 3450 Evans Lake Side, apt. 40c, Atlanta, Ga, 678-755-0121. Juan and Sandra Caballero went with Plaintiff to drop of the vehicle so she would have a ride back home after she dropped it off.

b) Plaintiff and her husband Juan Carlos Caballero attempted to locate the vehicle. DeKalb Police department, Michael with Geico's Special Investigations Unit, and Tom Knott, 4133 Oberon Drive, Smyrna, GA 30080, 404-551-3310.

c) Mayra Rubio informed Auto Auctions of the vehicle's new location.

Punitive and other damages have not been fully calculated at this time.

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

**9.    Please describe each act or omission that you contend was a breach of**

14

**duty on the part of this Defendant.**

**RESPONSE**

Plaintiff objects on the grounds that, the request seeks privileged attorney work product, and communications seeking mental impressions, opinions, and theories protected by attorney client privilege and/or attorney work product, but subject to and without waiving objection Plaintiff responds as follows:

GEICO has with malice and without of probable cause swore out a valid warrant against the Plaintiff causing the Plaintiff to be arrested and prosecuted for concealment of property with security lien in violation of O.C.G.A. 16-9-51. The prosecution of said offense has been completely and fully terminated in the Plaintiff's favor via an unconditional and full dismissal of said charges. These acts caused the Plaintiff damages.

Plaintiff contacted Mayra Rubio immediately upon dropping the vehicle off. Defendant should have retrieved the vehicle in a timely manner immediately after confirming where the Plaintiff had the vehicle at for it to be picked up.

Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

**10.    Please state the date and time you left your vehicle at 3207 Henderson Mill Road, Chamblee, Ga 30341, for pick up by this Defendant.**

15

## RESPONSE

To the best of Plaintiff's knowledge, information, and belief she does not recall the exact date and time but believes it was on or about April, 2012.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**11. Please identify any communications you had with this Defendant regarding your vehicle after the March 8, 2012 accident.**

## RESPONSE

To the best of Plaintiff's knowledge, information, and belief any communications with the Defendant was done through Plaintiff's counsel.

a) Mayra Rubio had a telephone conversation with Michelle form Geico on or about 05/02/2012;

b) Mayra Rubio had a telephone conversation with Someone from Auto Auction to give him the new location of the vehicle, 3559 Chamblee Tucker Road, Chamblee, GA 30341 on or about 05/11/2012;

c) Mayra Rubio had a telephone conversation with Jennifer Donacik with Geico on or about 05/30/2012;

d) Mayra Rubio had a telephone conversation with Michael from Geico's

16

Special Investigations Unit on or about 05/31/2012;

e) Mayra Rubio had a telephone conversation with Michael from Geico's Special Investigations Unit on or about 06/04/2012;

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**11.** **Please identify each any every address and/or location you left your vehicle at for pick up by this Defendant after March 8, 2012 accident.**

**RESPONSE**

Plaintiff responds to the best of her knowledge, information, and belief as follows:

a) 3207 Henderson Mill Road, Chamblee, GA 30341; and

b) 3559 Chamblee Tucker Road, Chamblee, GA, 30341.

Plaintiff reserves the right to supplement this response as discovery is ongoing.

**12.** **Please identify any and all communication(s) that you have had with the Defendant at any time regarding this occurrence or the subject matter of this lawsuit.**

**RESPONSE**

To the best of Plaintiff's knowledge, information, and belief any

17

communications with the Defendant was done through Plaintiff's counsel.

a) Mayra Rubio had a telephone conversation with Michelle form Geico on or about 05/02/2012;

b) Mayra Rubio had a telephone conversation with Someone from Auto Auction to give him the new location of the vehicle, 3559 Chamblee Tucker Road, Chamblee, GA 30341 on or about 05/11/2012;

c) Mayra Rubio had a telephone conversation with Jennifer Donacik with GEICO on or about 05/30/2012;

d) Mayra Rubio had a telephone conversation with Michael from GEICO's Special Investigations Unit on or about 05/31/2012;

e) Mayra Rubio had a telephone conversation with Michael from GEICO's Special Investigations Unit on or about 06/04/2012;

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**13.   Please identify any and all communication(s) that you have had with your landlord at any time regarding this occurrence or the subject matter of this lawsuit.**

**RESPONSE**

To the best of Plaintiff's, knowledge, information, and belief respond as

18

follows:

Plaintiff did not have any communications with her landlord regarding this occurrence. Plaintiff removed the vehicle form 3207 Henderson Mill Road, Chamblee, GA 30341 due to receiving a removal warning sticker from the Apartment complex's towing company.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**14.    Please state the date you moved your vehicle from 3207 Henderson Mill Road, Chamblee, Ga 30341, to a public parking lot located at 3559 Chamblee-Tucker Road, Chamblee, GA 30341.**

**RESPONSE**

To the best of Plaintiff's knowledge, information, and belief she believes to have moved the vehicle on or about May 10, 2012 or May 11, 2012.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**15.    Please describe in detail how you moved your vehicle from 3207 Henderson Mill Road, Chamblee, GA 30341, to a public parking lot located at 3559 Chamblee-Tucker Road, Chamblee, GA 30341.**

**RESPONSE**

19

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

Plaintiff drove the vehicle to 3559 Chamblee Tucker Road, Chamblee, Ga 30341 and was followed by Juan Caballeros and Sandra Caballeros. After dropping of the vehicle she left the parking lot with Juan Caballeros and Sandra Caballeros.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**16.    Please state the date and method of communication you utilized to inform this Defendant that you moved your vehicle from 3207 Henderson Mill road, Chamblee, GA 30341, to a public parking lot located at 3559 Chamblee-Tucker Road, Chamblee, GA 30341.**

RESPONSE

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

On or about May 11, 2012, Plaintiff notified her attorney's office, Mayra Rubio, that the vehicle had been moved to 3559 Chamblee-Tucker Road, Chamblee, GA 30341. Mayra Rubio then notified Insurance Auto Auctions of the new location.

Plaintiff reserves the right to supplement her response should it become

20

necessary as discovery is ongoing.

17. **With regard to your allegation that Defendants' agent failed to pick up your vehicle in a timely manner, please state as follows:**

  a) **Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;**

  b) **Identify each person who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;**

  c) **Identify each documents which reflects, memorializes, or relates to your said allegation; and**

  d) **State in reasonable detail the facts upon which you base said allegation.**

**RESPONSE**

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

  a) Juan Carlos Caballero, 770-256-0256, 5515 Rockbridge Circle, Lilburn, GA.

  b) Rosinda Matute, 770-837-1861, 5515 Rockbridge Circle, Lilburn, GA.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

21

18. With regard to your allegation that you moved your vehicle to a public parking lot located at 3559 Chamblee-Tucker Road, Chamblee, GA 30341, and informed GEICO of the whereabouts of your vehicle, please state as follows:

    a) Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is basis of said allegation;

    b) Identify each person who, though not any eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

    c) Identify each document which reflects, memorializes, or relates to your said allegations; and

    d) State in reasonable detail the facts upon which you base said allegation.

**RESPONSE**

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

    a) Juan Carlos Caballero, 770-256-0256, 5515 Rockbridge Circle, Lilburn, GA.

    b) Rosinda Matute, 770-837-1861, 5515 Rockbridge Circle, Lilburn, GA.

    c) Mayra Rubio, Mayra Rubio, 3675 Crestwood Parkway, suite 406,

Duluth, GA 30096, 678-805-7478.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

19.   **With regard to your allegation that an unknown agent of GEICO is believed to have picked your vehicle from the public parking lot on or between May 11, 2012 and May 21, 2012, please state as follows:**

   a) **Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;**

   b) **Identify each person who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;**

   c) **Identify each document which reflects, memorializes, or relates to your said allegation; and**

   d) **State in reasonable detail the facts upon which you base said allegation.**

**RESPONSE**

Plaintiff objects on the grounds that, the request seeks privileged attorney work product, and communications seeking mental impressions, opinions, and theories protected by attorney client privilege and/or attorney work product, but subject to and without waiving objection Plaintiff to the best of her knowledge,

23

information, and belief responds as follows:

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

  a) Juan Carlos Caballero, 770-256-0256, 5515 Rockbridge Circle, Lilburn, GA.

  b) Rosinda Matute, 770-837-1861, 5515 Rockbridge Circle, Lilburn, GA.

  c) Mayra Rubio, Mayra Rubio, 3675 Crestwood Parkway, suite 406, Duluth, GA 30096, 678-805-7478.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

20.  **With regard to your allegation that you worked diligently to find the whereabouts of your vehicle, please state as follows:**

  a) **Complete description of each act taken, including its date;**

  b) **Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;**

  c) **Identify each person who, though not any eyewitness, has knowledge of facts or circumstances upon which said allegation is based;**

  d) **Identify each document which reflects, memorializes, or relates to your said allegation; and**

24

e) **State in reasonable detail the facts upon which you base said allegation.**

**RESPONSE**

Plaintiff objects on the grounds that, the request seeks privileged attorney work product, and communications seeking mental impressions, opinions, and theories protected by attorney client privilege and/or attorney work product, but subject to and without waiving objection Plaintiff to the best of her knowledge, information, and belief responds as follows:

a) Juan Carlos Caballero, 770-256-0256, 5515 Rockbridge Circle, Lilburn, GA.

b) Rosinda Matute, 770-837-1861, 5515 Rockbridge Circle, Lilburn, GA.

c) Mayra Rubio, Mayra Rubio, 3675 Crestwood Parkway, suite 406, Duluth, GA 30096, 678-805-7478.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**21.   With regard to your allegation that counsel for Plaintiff spoke to GEICO's special investigator regarding the incident and cooperated in all regard to the investigation, please state as follows:**

**a) Complete description all acts of cooperation, including its date;**

25

b) **Identify each conversation and or meeting counsel for Plaintiff had with GEICO;**

c) **Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;**

d) **Identify each person who, though not any eyewitness, has knowledge of facts or circumstances upon which said allegation is based;**

e) **Identify each document which reflects, memorializes, or relates to your said allegation; and**

f) **State in reasonable detail the facts upon which you base said allegation.**

## RESPONSE

To the best of Plaintiff's knowledge, information, and belief any communications with the Defendant was done through Plaintiff's counsel. Plaintiff responds as follows:

a) Mayra Rubio had a telephone conversation with Michelle from Geico on or about 05/02/2012;

b) Mayra Rubio had a telephone conversation with Someone from Auto Auction to give him the new location of the vehicle, 3559 Chamblee Tucker Road, Chamblee, GA 30341 on or about 05/11/2012;

26

c) Mayra Rubio had a telephone conversation with Jennifer Donacik with GEICO on or about 05/30/2012;

d) Mayra Rubio had a telephone conversation with Michael from GEICO's Special Investigations Unit on or about 05/31/2012;

e) Mayra Rubio had a telephone conversation with Michael from GEICO's Special Investigations Unit on or about 06/04/2012;

Witnesses with knowledge of facts or circumstances upon which said allegation is based:

a) Juan Carlos Caballero, 770-256-0256, 5515 Rockbridge Circle, Lilburn, GA.

b) Rosinda Matute, 770-837-1861, 5515 Rockbridge Circle, Lilburn, GA.

c) Mayra Rubio, Mayra Rubio, 3675 Crestwood Parkway, suite 406, Duluth, GA 30096, 678-805-7478.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**22.   With regard to your allegation that GEICO ceased communication with Plaintiff's counsel and on or before July 24, 2012 and gave sworn statements to the Chamblee Police Department accusing the Plaintiff of Concealment of Property with Security Lien, in violation of O.C.G.A § 16-9-51, please:**

27

a) **Provide a complete description of the act or omission that violates O.C.G.A § 16-9-51, including its date;**

b) **Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;**

c) **Identify each person who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;**

d) **Identify each document which reflects, memorializes, or relates to your said allegation; and**

e) **State in reasonable detail the facts upon which you base said allegation.**

## RESPONSE

Plaintiff objects to this request as vague, overly broad, and outside the permissible scope of discovery, but subject to and without waiving this objection the Plaintiff to the best of her knowledge, information, and belief responds as follows:

GEICO was aware or should have been aware of the fact that Plaintiff made a stolen vehicle report with the DeKalb Police Department and she did not intentionally hinder enforcement of GEICO's interest. She and her counsel

cooperated with Defendant to obtain the whereabouts of the vehicle.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

23.    With regard to your allegation that GEICO made no subsequent efforts to locate your vehicle, please:

    a) Provide a complete description of the act or omission that supports this contention, including its date;

    b) Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;

    c) Identity each person who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

    d) Identify each document which reflects, memorializes, or relates to your said allegation; and

    e) State in reasonable detail the facts upon which you base said allegation.

## RESPONSE

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

29

a) On or about 05/11/2012 Geico was notified of the new location of the vehicle;

b) On or about 5/11/2012 Auto auctions was notified by Jennier with Geico to cancel tow;

c) On or about 10/26/2012 Geico applied for a title. Since a Stolen vehicle title was not applied for it was assumed that the vehicle was recovered by Geico.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**24.   With regard to your allegation that GEICO did not update the status of your vehicle's whereabouts to the Chamblee Police Department, please:**

**a) Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;**

**b) Identify each person who, though not nay eyewitness, has knowledge of facts or circumstances upon which said allegation is based;**

**c) Identify each document which reflects, memorializes, or relates to your said allegation; and**

**d) State in reasonable detail the facts upon which you base said**

allegation.

**RESPONSE**

To the best of Plaintiff's knowledge, information, and belief she responds as follows:

On or about 10/26/2012 Geico applied for a title. Since a Stolen vehicle title was not applied for it was assumed that the vehicle was recovered by Geico.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

25. **With regard to your allegation that this Defendant provided False information and omitted important information to the police in order to have you arrested, please state as follows:**

a) **Complete description of the information that was false and/or omitted, including the date provided to the police;**

b) **Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;**

c) **Identify each person who, though not any eyewitness, has knowledge of facts or circumstances upon which said allegation is based;**

d) **Identify each document which reflects, memorializes, or relates to**

31

you said allegation; and

e) State in reasonable detail the facts upon which you base said allegation that the information was false or that GEICO omitted important information.

**RESPONSE**

Plaintiff responds to this request to the best of her knowledge, information, and belief as follows:

GEICO has no evidence to show Plaintiff's intent to hinder GEICO's enforcement of its security interest.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

26.   With regard to your allegation that this Defendant acted with malice and without sufficient probable case in having you arrested, please state as follows:

a) Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;

b) Identify each person who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

32

c) Identify each document which reflects, memorializes, or relates to your said allegation; and

d) State in reasonable detail the <u>facts</u> upon which you base said allegation.

## RESPONSE

Plaintiff responds to this request to the best of her knowledge, information, and belief as follows:

GEICO has no evidence to show Plaintiff's intent to hinder GEICO's enforcement of its security interest.

GEICO knew that Plaintiff was represented by counsel and did not notify her counsel via any correspondence as to their investigation prior to accusing Plaintiff of concealment of property.

GEICO showed a reckless disregard to Plaintiff reporting the vehicle stolen.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

27. With regard to your allegation that this Defendant maliciously and without probable cause prosecuted you for the crime of Concealment of Property with Security Lien, in violation of O.C.G.A. § 16-9-51, please state as follows:

33

a) Complete description of the alleged malice;

b) Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;

c) Identify each person who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

d) Identify each document which reflects, memorializes, or relates to your said allegation; and

e) State in reasonable detail the facts upon which you base said allegation.

**RESPONSE**

GEICO has no evidence to show Plaintiff's intent to hinder GEICO's enforcement of its security interest.

GEICO knew that Plaintiff was represented by counsel and did not notify her counsel via any correspondence as to their investigation prior to accusing Plaintiff of concealment of property.

GEICO showed a reckless disregard to Plaintiff reporting the vehicle stolen.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

34

28.   With regard to your allegation contained in paragraph 27 of Plaintiff's Complaint that "Plaintiff nor her counsel had knowledge that the arrest warrant had been taken out, nor that this matter was still pending," please state as follows:

   a) Identify each person who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;

   b) Identify each person who, though not any eyewitness, has knowledge of person who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

   c) Identify each document which reflects, memorializes, or relates to your said allegation; and

   d) State in reasonable detail the facts upon which you base said allegation.

**RESPONSE**

   To the best of Plaintiff's knowledge, information, and belief, Plaintiff responds as follows:

   a) Plaintiff and her minor children;

   b) Plaintiff's herself, Plaintiff's attorney and staff, and Plaintiff's husband and minor children;

35

c) Plaintiff is unsure of this information at this time; and

d) Plaintiff contends that she was unaware that there was a pending warrant for her arrest at the time that she was arrested.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

29.   With regard to your allegation that this Defendant's conduct was reckless, willful and wanton, and demonstrated a conscious indifference to the consequences of its actions, please state as follows:

a) Complete description of the act or omission, including its date;

b) Identify each person who is or was any eyewitness to any fact, incident, or occurrence which is the basis of said allegation;

c) Identify each person who, though not an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

d) Identify each document which reflects, memorializes, or relates to your said allegation; and

e) State in reasonable detail the facts upon which you base said allegation.

## RESPONSE

To the best of Plaintiff's knowledge, information, and belief:

36

GEICO has no evidence to show Plaintiff's intent to hinder GEICO's enforcement of its security interest.

GEICO knew that Plaintiff was represented by counsel and did not notify her counsel via any correspondence as to their investigation prior to accusing Plaintiff of concealment of property.

GEICO showed a reckless disregard to Plaintiff reporting the vehicle stolen.

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

**30.   Please identify any diary, whether written or electronically stored, that you have kept since the subject incident which in any way references, discusses, or depicts the subject incident.**

**RESPONSE**

Plaintiff objects on the grounds that, the request seeks privileged attorney work product, and communications seeking mental impressions, opinions, and theories protected by attorney client privilege and/or attorney work product, but subject to and without waiving objection Plaintiff responds as follows:

To the best of Plaintiff's knowledge, information, and belief, Plaintiff did not keep a diary in regards to the incident. Plaintiff's counsel has a log of conversation with the Defendant.

37

Plaintiff reserves the right to supplement her response should it become necessary as discovery is ongoing.

31.    With regard to you allegation contained in paragraph 35 of Plaintiff's Complaint that "Defendant' staff did not have probable cause to believe that plaintiff committed a crime," please state as follows:

      a) Identify each who is or was an eyewitness to any fact, incident, or occurrence which is the basis of said allegation;

      b) Identify each person who, though no an eyewitness, has knowledge of facts or circumstances upon which said allegation is based;

      c) Identify each document which reflects, memorializes, or relates to your said allegation; and

      d) State in reasonable detail the facts upon with you base said allegation.

**RESPONSE**

Plaintiff responds as follows to the best of her knowledge, information, and belief as follows:

      a. Plaintiff herself;

      b. Plaintiff reported the incident to the police department herself;

38

c. Plaintiff is in the process of assembling this information;

d. Plaintiff attempted to conduct her own investigation by going to the

DMV and the wrecking service.

Plaintiff reserves the right to supplement this response as discovery is ongoing.

## REQUEST FOR PRODUCITON OF DOCUMENTS

1.   Plaintiff objects on the grounds that this request is overly broad and unduly burdensome to the extent it seeks documents accessible to the Defendant from Defendant's own files or documents and information already in Defendant's possession, but subject to and without waiving this objection Plaintiff to the best of her knowledge, information, and belief responds as follows:

Please see attached settlement release signed by Plaintiff. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

2.   See attached criminal arrest warrant and bond documents. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

3.   See attached the Notice that no accusation will be filed. Plaintiff reserves the right to supplement her response at a later date should it become necessary as

39

discovery is ongoing.

4.      To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not in possession of any such document requested at the present time. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

5.      See attached arrest warrant. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

6.      See attached, police report for stolen vehicle and arrest warrant. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

7.      The Plaintiff objects to this request as overly broad, unduly burdensome and outside the permissible scope of discovery, but subject to and without waiving this objection the Plaintiff responds as follow: To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not in possession of any such document requested at the present time. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

8.      See attached, police report for stolen vehicle and arrest warrant. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

9.    Please see attached log from Insurance Auto Auctions Corp. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

10.   See attached Police Report. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

11.   Plaintiff objects that Defendant has equal if not better access to its own statements, but subject to and without waiving this objection, Plaintiff answers as follows to the best of her knowledge, information, and belief:

Upon a diligent search to identify, locate, and produce requested statements, Plaintiff is not in possession of any such requested statements as such statements do not exist.   Plaintiff's counsel did not being to record calls until after the requested statements had occurred.

12.   Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

13.   Plaintiff is in the process of identifying recorded conversations between Plaintiff's attorney and attorney's staff with Defendant. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

14.   To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not

41

in possession of any such document requested at the present time. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

16. See attached O.C.G.A § 16-9-51 and O.C.G.A § 51-7-40. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

17. To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not in possession of any such document requested at the present time. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

18. See attached, police report for stolen vehicle and arrest warrant. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

19. To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not in possession of any such document requested at the present time. Plaintiff reserves

the right to supplement her response at a later date should it become necessary as discovery is ongoing.

20.    To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not in possession of any such document requested at the present time. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

21.    To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not in possession of any such document requested at the present time. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not in possession of any such document requested at the present time. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

22.    The Plaintiff objects to this request as overly broad, unduly burdensome and outside the permissible scope of discovery, but subject to and without waiving this objection the Plaintiff responds as follow: To the best of Plaintiff's knowledge, information, and belief, Plaintiff is not in possession of any such document requested at the present time. Plaintiff reserves the right to supplement her

response at a later date should it become necessary as discovery is ongoing.

23. Please see attached postings to Plaintiff's Facebook account for the period March 8, 2013 through March 8, 2014. Plaintiff further states that she no longer has access to this account and is unable to provide any further requested information because she is unable to reset the account password through Facebook's password retrieval process. Plaintiff reserves the right to supplement this response as discovery is ongoing.

24. Plaintiff will consider producing these items and documents sought i, but is unable to do so because the Defendant has not specified the meaning of "account data" and asks for further clarification to this request. Plaintiff further states to the best of her knowledge and belief, she did not use any social media accounts other than Facebook to which Plaintiff has produced documents in her possession. Plaintiff reserves the right to supplement her response at a later date should it become necessary as discovery is ongoing.

25. Plaintiff will consider producing these items and documents sought i, but is unable to do so because the Defendant has not specified the meaning of "account data" and asks for further clarification to this request. Plaintiff further states to the best of her knowledge and belief, she did not use any social media accounts other than Facebook to which Plaintiff has produced documents in her possession.

44

Respectfully submitted,

This ⟋⟍ day of December, 2016.

_Talal Ghosheh_
_____
Talal "Perez" Ghosheh
Attorney for Plaintiff
State Bar: 150049

Ghosheh Law Firm LLC
242 Culver Street
Suite 200
Lawrenceville, Georgia 30046
678.359.4225 (Office)
404.996.1219 (Fax)
talal@ghoshehlaw.com

45

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROSINDA MATUTE-              §
CASTELLANOS,                 §
    Plaintiff,             §
                           §
                           §    CIVIL ACTION FILE
vs.                         §
                           §    NO. 1:16-CV-03756-TWTY
                           §
GEICO INDEMNITY COMPANY,     §
JOHN DOE 1, and JOHN DOE 2.  §
    Defendants.            §

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all opposing parties with the

foregoing PLAINTIFF'S RESPONSE TO GEICO INDEMNITY COMPANY'S

FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF

DOCUMENTS UNDER O.C.G.A § 24-13-27 TO PLAINTIFF, by depositing a

copy of same in the United States mail in an envelope properly addressed to the

following, with adequate postage to ensure delivery and statutory electronic

service:

J. Robb Cruser, Esq.
Nola D. Jackson, Esq.
Robert N. Friedman, Esq.
Cruser & Mitchell, LLP
Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092

46

This 28th day of December, 2016,

Talal "Perez" Ghosheh
Attorney for Plaintiff
State Bar: 150049

Ghosheh Law Firm LLC
242 Culver Street
Suite 200
Lawrenceville, Georgia 30046
678.359.4225 (Office)
404.996.1219 (Fax)
talal@ghoshehlaw.com

47

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROSINDA MATUTE-CASTELLANOS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION FILE |
| GEICO INDEMNITY COMPANY, JOHN DOE 1, and JOHN DOE 2. | § § § | NO. 1:16-CV-03756-TWTY |
| Defendants. | § § | |

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33, a
true and correct copy of the foregoing Plaintiff's Response to GEICO Indemnity
Company's First Interrogatories and Request for Production of Documents to
Plaintiff, upon the Counsel for the Defendant at the following address:

J. Robb Cruser, Esq.,
Nola D. Jackson, Esq.,
Robert N. Friedman, Esq.,
Cruser & Mitchell, LLP
Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092

48

This 28th day of December, 2016.


_Talal Ghosheh_ (signature)

Talal "Perez" Ghosheh
Attorney for Plaintiff
State Bar: 150049

Ghosheh Law Firm LLC
242 Culver Street
Suite 200
Lawrenceville, Georgia 30046
678.359.4225 (Office)
404.996.1219 (Fax)
talal@ghoshehlaw.com