IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROSINDA MATUTE-CASTELLANOS, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION FILE |
| vs. | § § | |
| | § | NO. 1:16-CV-03756-TWT |
| GEICO INDEMNITY COMPANY, JOHN DOE 1, and JOHN DOE 2, | § § | |
| | § § | |
| Defendants. | § | |

## DEFENDANT GEICO INDEMNITY COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW **GEICO INDEMNITY COMPANY ("GEICO")**, a

Defendant in the above-styled action, and files its Reply Brief in Support of its

Motion for Summary Judgment, respectfully showing the Court that GEICO is

entitled to Summary Judgment as follows:

## INTRODUCTION

Plaintiff's recently filed Brief in Support of Response to Defendant GEICO

Indemnity Company's Motion for Summary Judgment ("Response") falls far short

of illustrating any genuine issue of material fact and, therefore, Plaintiff is unable

to satisfy the elements necessary to establish her claims of malicious prosecution,

{Firm/000/00159/01598351.DOC }    - 1 -

false arrest, and negligent hiring, training, or supervision. Georgia law is clear that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Plaintiff's Response is merely a recitation of wholly unsupported, unsubstantiated declarations, the entirety of which includes fewer than ten citations to the record in this case, and serves simply to highlight her indignant disagreement with the valid actions taken by GEICO (*See generally* Plaintiff's Resp. Brief). Many of the "facts" set forth in Plaintiff's Response are pure speculation, which cannot be considered by the Court when ruling upon a motion for summary judgment. *See Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts.") (citation omitted).

Furthermore, under the local rules, this Court "*will not* consider any fact . . . set out only in the brief and not in the movant's statement of undisputed facts." Local Rule 56.1(B)(1) (emphasis added). Plaintiff did not comply with the local rules when she failed to file a separate statement of undisputed facts for the

- 2 -

- 3 -

Court's consideration. The apparent "facts" she attempts to present in her Objections to Defendant's Statement of Material Facts as to Which There Is No Genuine Issue To Be Tried ("Objections") are entirely void of any citations to evidence in support of her claims. (*See generally* Pl.'s Objections, Document 33-2). Because Plaintiff can point to no evidence, supported by the record, that would create a question of fact on any element of any of her alleged claims, GEICO is entitled to judgment as a matter of law.

## ARGUMENT AND CITATION OF AUTHORITY

As an initial matter, because this honorable Court cannot consider any of Plaintiff's alleged facts contained in her Response which are not also incorporated into her purported statements of undisputed facts, GEICO does not attempt to address each and every pronouncement in Plaintiff's Response. To do so would be an exercise in futility and a waste of judicial economy and resources, as Plaintiff produces no legal argument in support of her unsubstantiated statements. Therefore, GEICO addresses each of Plaintiff's claims in turn and shows why each claim fails as a matter of law.

- 3 -

## I. PLAINTIFF CANNOT SATISFY THE ELEMENTS OF A CLAIM FOR MALICIOUS PROSECUTION BECAUSE SHE HAS ADMITTED THAT NO PROSECUTION OCCURRED

Under the local rules governing motions for summary judgment and their related filings, this Court shall "deem each of the movant's facts as admitted" where the respondent is silent in her response to the movant's statement of undisputed facts. Local Rule 56.1(B)(2)(a)(2). Plaintiff, by failing to respond to one of GEICO's undisputed facts, consequently *admits* that she "did not appear before any court of record for the charges listed in the July 24, 2012 warrant." (*See generally* Pl.'s Objections, Doc. 33-2; *see also* Def.'s Resp. to Pl.'s Obj. to Def.'s Stmt. of Mat. Facts as to Which There Is No Gen. Issue To Be Tried, hereafter, "Def.'s Resp. to Pl.'s Obj.," filed concurrently with this Brief, p. 21, ¶ 36).

That an actual "criminal prosecution" be "carried on" is a required element of Plaintiff's claim of malicious prosecution, as defined by O.C.G.A. § 51-7-40. While GEICO maintains that Plaintiff's bond hearing, under Georgia law, does not amount to a prosecution, Plaintiff's admission that she never appeared before a court of record has affirmatively dismantled her claim of malicious prosecution. *Farr v. Blackwell*, No. 2:11-CV-0074-RWS, 2013 WL 1136948, at *3 (N.D. Ga.

Mar. 18, 2013) (internal cits. omitted). Thus, GEICO is entitled to summary judgment.

## II. PLAINTIFF CANNOT SATISFY THE ELEMENTS OF A CLAIM FOR FALSE ARREST BECAUSE SHE HAS ADMITTED FACTS SUFFICIENT TO SUPPORT A FINDING OF PROBABLE CAUSE

Plaintiff's claim for False Arrest cannot be maintained because there was clear and sufficient probable cause for her arrest. Under O.C.G.A. § 51-7-1, a claim for false arrest exists only where such an arrest was made without probable cause. *Id.* In addition to the reasoning outlined in GEICO's initial brief, because Plaintiff failed to respond to Defendant's no. 29 in her Objections, she has admitted the foundation which formed Detective Newberry's independent decision to seek an arrest warrant.[1] (*See generally* Pl.'s Objections, Document 33-2; *see also* Def.'s Resp. to Pl.'s Obj., p. 18-19, ¶ 29-30). It is not necessary that Plaintiff admit to the underlying facts themselves; she has admitted what Detective Newberry attests he relied upon, specifically that

> based on inconsistencies and omissions contained in Plaintiff's police report, Plaintiff's delay in reporting the vehicle stolen, Plaintiff's failure to return Newberry's calls, and Plaintiff's decision to frequently relocate her totaled vehicle, Detective Newberry suspected Plaintiff had "sold the vehicle and had reported her vehicle stolen to

---

[1] As a point of clarification to the Court, Plaintiff routinely confuses Mike Mitchell, an investigator with GEICO's Special Investigations Unit, with Detective Newberry, a Sergeant with the Chamblee Police Department, by referring to him as Officer Mitchell, Detective Mitchell, and Investigator Mitchell. GEICO reminds this honorable Court that Mr. Mitchell is in no way affiliated with any police or law enforcement agency and his investigatory functions were undertaken purely in a private capacity.

{Firm/000/00159/01598351.DOC }

obstruct GEICO's attempts to recover her vehicle." On July 24, 2012, based on his independent investigation and professional judgment, Detective Newberry presented the facts of the case to Judge Harvey at the DeKalb County Magistrate Court.

Aff. of Det. Chris Newberry, ¶¶ 5-13, ¶¶ 15-16 (Doc. 27-4). Under Georgia law, "if probable cause for the arrest exists, then a plaintiff's claim of malicious prosecution is *automatically defeated.*" *Britt v. Whitehall Income Fund '86*, 891 F.Supp 1578, (M.D. Ga. 1993) (emphasis added) (citing *Nunnally v. Revco Discount Drug Centers, Inc.*, 316 S.E. 2d 608 (Ga. Ct. App. 1984). Additionally, Plaintiff bears the burden to prove a *lack* of probable cause. *Franklin v. Consolidated Govt. of Columbus, Ga.*, 512 S.E.2d 352, 356 (Ga. Ct. App. 1999). Because Plaintiff admits that Detective Newberry's decision to seek a warrant was based on the information cited above, which clearly constituted probable cause in the Detective's independent investigation, GEICO is entitled to summary judgment.

## III.   PLAINTIFF CANNOT SATISFY THE ELEMENTS OF A CLAIM FOR NEGLIGENT HIRING, TRAINING, AND SUPERVISION BECAUSE SHE HAS BROUGHT FORTH NO EVIDENCE RELATING TO THESE CLAIMS

Plaintiff's claims for negligent hiring, training, and supervision fail because Plaintiff has failed to produce any evidence sufficient to create a material question of fact. As an initial matter, GEICO notes that Plaintiff's Response only references

- 6 -

{Firm/000/00159/01598351.DOC }

a claim for negligent supervision, and therefore GEICO does not address the additional legal and factual elements required of a negligent training claim.

In her claim for negligent supervision, Plaintiff cites to the 2009 Georgia Court of Appeals case, *Leo v. Waffle House, Inc.*, which states that "'an employer may be held liable for [negligent supervision] only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff.'" 681 S.E.2d 258, 262, *citing Alexander v. A. Atlanta Autosave*, 611 S.E.2d 754 (Ga. App. 2005) (internal punctuation omitted). In *Leo*, the Plaintiff, a homeless man, was having coffee in a Waffle House when an employee secretly mixed together a toxic concoction containing a corrosive dishwashing detergent, told Plaintiff it was a milkshake, and dared him to drink it in exchange for five dollars. *Id.* at 260-261. Upon drinking the substance, the Plaintiff collapsed and was hospitalized for internal injuries. *Id.* He sued, in part, for damages caused by Waffle House's negligent supervision of its restaurant employees. *Id.*

The Court of Appeals affirmed the trial court's grant of summary judgment on the issue of negligent supervision because "the record [was] devoid of evidence that Waffle House knew or should have known that [its employee] had engaged in

- 7 -

such reckless behavior previously or that [the employee] had ever engaged in such behavior before." *Id.* at 262. GEICO maintains that all employees and agents who were working on Plaintiff's claim acted in a reasonable, proper, and diligent manner throughout every aspect of their respective jobs and that none of their actions even closely compare to the recklessness of the employee in *Leo*. However, assuming arguendo that such recklessness had occurred, Plaintiff, like the Plaintiff in *Leo*, has presented no evidence showing that GEICO "knew or should have known" that any employees "had engaged in such [] behavior previously . . . or had ever engaged in such behavior before." *Id.* Simply pointing to the actions taken by GEICO's employees or agents with which Plaintiff merely disagrees does not establish that GEICO "knew or should have known" of a pattern of behavior in its employees that could have resulted in the damages Plaintiff alleges. Because Plaintiff has offered no evidence in support of her claims of negligent hiring, training, and supervision, there is no evidence to create a question of fact as to whether GEICO knew or should have known that its employees were engaged in a reckless pattern of behavior in executing their job requirements. Thus, GEICO is entitled to summary judgment.

- 8 -

## IV.    PLAINTIFF'S REINCORPORATION OF HER OBJECTIONS TO GEICO'S STATEMENT OF MATERIAL FACTS

Although Plaintiff copies, in its entirety, her Objections to GEICO's Statement of Material Facts into her Response, GEICO, so as not to burden the Court with duplicative pleadings, does not similarly include its Responses to Plaintiff's Objections.  Instead, GEICO references and incorporates its Responses, filed concurrently with this Reply Brief, as if fully set forth herein.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant GEICO Indemnity Company respectfully requests that its Motion for Summary Judgment be granted.

This __15th__ day of May, 2017.

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

_____

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CRAIG P. TERRETT**
Georgia Bar No. 702410
*Attorneys for Defendant GEICO Indemnity Company*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
cterrett@cmlawfirm.com

- 9 -

{Firm/000/00159/01598351.DOC }

## <u>LOCAL RULE CERTIFICATION</u>

Counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in LR 5.1C. Specifically, Times New Roman was used in 14 point.

{Firm/000/00159/01598351.DOC }

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed DEFENDANT GEICO

INDEMNITY COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION

FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF

system, which will automatically send e-mail notification of such filing to the

following attorneys of record:

Talal "Perez" Ghosheh, Esq.
Ghosheh Law Firm, LLC
242 South Culver Street, Suite 200
Lawrenceville, GA  30046
talal@ghoshehlaw.com
*Counsel for Plaintiff*

This __15th__ day of May, 2017.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


_____
**J. ROBB CRUSER**
Georgia Bar No. 199480
**CRAIG P. TERRETT**
Georgia Bar No. 702410
*Attorneys for Defendant GEICO Indemnity Company*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
cterrett@cmlawfirm.com

- 11 -

{Firm/000/00159/01598351.DOC }