IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROSINDA MATUTE-CASTELLANOS, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION FILE |
| vs. | § § | |
| | § | NO. 1:16-CV-03756-TWT |
| GEICO INDEMNITY COMPANY, JOHN DOE 1, and JOHN DOE 2, | § § § | |
| Defendants. | § § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

COMES NOW **GEICO INDEMNITY COMPANY** ("GEICO"), a Defendant in the above-styled civil action, by and through undersigned counsel and pursuant to local rule 56, respectfully submits this response to Plaintiff's Objection to Defendant's Statement of Material Facts as to Which There Is No Genuine Issue to be Tried. As an initial matter, Defendant objects to Plaintiff's failure to comply with the local rules by not filing a "separate statement of material facts" that meets "the requirements set out in LR 56.1(B)(1)." Local Rule 56.1(B)(2)(b). Instead, Plaintiff combines her purported additional facts with her responses to Defendant's statement. These additional facts are not separately

numbered, concise, nor are they supported by proper and correct citations to evidence, as required by the rules. Local Rule 56.1(B)(1).

Additionally, Defendant objects to Plaintiff's alleged responses and objections to Defendant's statement as they similarly do not conform to the requirements set forth in the rules. Plaintiff's responses and objections are not properly numbered, are not concise, do not contain valid objections, fail to properly cite to evidence, when they cite to evidence at all, and are almost entirely argumentative, in direct violation of Local Rule 56.2(B)(2)(a)(1). Furthermore, none of Plaintiff's responses "directly refute . . . [Defendant's] fact[s]," as required by the local rule. Therefore, the Court should "deem each of the movant's facts as admitted . . . ." Local Rule 56.1(B)(2)(a)(2).

Finally, because Plaintiff's responsive brief is rife with so-called facts, which are absent from Plaintiff's attempted statement of facts, Defendant respectfully requests the Court to apply Local Rule 56.1(B)(1), which requires the Court to "*not consider any fact . . . set out only in the brief* and not in the . . . statement of undisputed facts." Local Rule 56.1(B)(1) [emphasis supplied].

In an attempt to offer some clarity to the Court, Defendant shall respond to Plaintiff's alleged additional facts and Plaintiff's responses and objections at once, as set forth below.

- 2 -

## <u>MATERIAL FACTS NOT IN ISSUE</u>

1.

This lawsuit arises out of a car accident that occurred on March 8, 2012, between Elmo Watkins, an insured of GEICO, and Plaintiff. (Pl.'s Comp., ¶ 7).

**<u>Plaintiff's Response:</u>** *Not addressed.*

**<u>Defendant's Reply:</u>** No response required, admitted by Plaintiff.

2.

In April of 2012, GEICO issued payment to Plaintiff in the amount of $1,108.01 as full payment for the total loss of Plaintiff's vehicle (the "vehicle"). (Pl.'s Comp., ¶ 10).

**<u>Plaintiff's Response:</u>** *Not addressed.*

**<u>Defendant's Reply:</u>** No response required, admitted by Plaintiff.

3.

In return for GEICO's payment of $1,108.01, Plaintiff signed title of the vehicle over to GEICO. (Rosinda Matute-Castellanos Dep., p. 26, ll. 8-18; p. 27, ll. 8-10).

**<u>Plaintiff's Response:</u>** *Not addressed.*

**<u>Defendant's Reply:</u>** No response required, admitted by Plaintiff.

- 3 -

4.

Plaintiff also agreed to make her vehicle available for pickup at her apartment (3207 Henderson Mill Road, Atlanta, GA 30341).  (Matute Dep., p. 27, l. 15- p. 28, l. 5).

**Plaintiff's Response:**  *Not addressed.*

**Defendant's Reply:**  No response required, admitted by Plaintiff.

5.

Despite Plaintiff's agreement to make the vehicle available for pickup at her apartment, Plaintiff failed to abide by her agreement and thwarted GEICO's attempts to recover the vehicle.  On April 2, 2012, a driver from Insurance Auto Auctions attempted to retrieve the vehicle from 3207 Henderson Mill Road, but could not locate the vehicle.  (*See* Insurance Auto Auctions records, attached as Exhibit A to GEICO's Brief in Support of Motion for Summary).

**Plaintiff's Response:**  *1. Paragraph 5, Plaintiff maintains that she left the vehicle at 3207 Henderson Mill Drive, Apartment H2, Atlanta, Georgia 30341. She gave that address in the police report and maintained that has [sic] her home address for all dates relevant to this proceeding. Defendant's agent Insurance Auto Auctions stated her incorrect address, 3207 Henderson Mill Drive,*

*Apartment S2, Atlanta, Georgia 30341, as referenced in the records of Insurance Auto Auctions (See Document 27-3, p7-8).*

**Defendant's Reply:** Defendant objects to Plaintiff's apparent statement of fact because it is not supported by the evidence cited and, therefore, this Court must disregard Plaintiff's 1. Indeed, page 7 of Document 27-3, the records of Insurance Auto Auctions, cited by Plaintiff, contains no information related to what Plaintiff states. Insurance Auto Auctions Records, p.7. Page 8 of those same records do not contain what Plaintiff states; the records show the address listed to be "3207 Henderson Mill *Rd.*," not "Drive" as Plaintiff claims. *Id.* at 8.

Furthermore, Plaintiff opines repeatedly and at length in her first three responses that "Plaintiff maintains that she left the vehicle at 3207 Henderson Mill Drive, Apartment H2, Atlanta, Georgia 30341. She gave that address in the police report and maintained that has her home address for all dates relevant to this proceeding." However, this is a statement for which she provides *no citation to any supporting evidence.*

Defendant also objects because this statement is immaterial, as further investigation reveals that there exists no "3207 Henderson Mill Drive" in the entire United States which the drivers from Insurance Auto Auctions could have mistakenly visited. In fact, Plaintiff's address, based on the records of the United

- 5 -

Stated Postal Service, is indeed 3207 Henderson Mill Road. *See* USPS Zip Code Finder, attached as Exhibit A. The specific apartment number is also immaterial, as the street location does not change: 3207 Henderson Mill Road is a non-gated apartment complex where cars park in a common lot. *See* Google Maps Street View of 3207 Henderson Mill Road, attached as Exhibit B.

Finally, and most significantly, because *Plaintiff has already admitted* Defendant's 4, above (specifically, that Plaintiff's address, based on her own deposition testimony, is 3207 Henderson Mill Road) Plaintiff cannot now attempt to contradict her own admission. *See* Matute Dep., p. 27, l. 15- p. 28, l. 5.

6.

Insurance Auto Auctions made a second attempt to retrieve the vehicle at 3207 Henderson Mill Road on April 27, 2012. (Insurance Auto Auctions Records, p.10).

**Plaintiff's Response:** *2. Paragraph 6 and 7, Plaintiff maintains that she left the vehicle at 3207 Henderson Mill Drive, Apartment H2, Atlanta, Georgia 30341. She gave that address in the police report and maintained that has her home address for all dates relevant to this proceeding. Defendant's agent Insurance Auto Auctions stated and incorrect address for the pickup, 3707 Henderson Mill*

- 6 -

*Drive as referenced in the records of Insurance Auto Auctions (See Document 27-3, p10).*

**Defendant's Reply:**  Defendant objects to Plaintiff's purported statement of fact for the same reasons outlined above in Defendant's 5: Plaintiff has not separately numbered her responses as required by the local rules, has provided no citation to evidence for her statements, and Plaintiff has already admitted her address is 3207 Henderson Mill Road, as shown above in Plaintiff's admission of Defendant's 4.

Defendant further objects because the address variation listed in Plaintiff's statement is immaterial.  Even assuming arguendo that "3707" is not merely a typo, Insurance Auto Auctions made multiple attempts to retrieve the vehicle from Plaintiff's address using the admitted address of 3207.  *See generally* Insurance Auto Auctions records, Document 27-3.

7.

Again, the vehicle was not found at 3207 Henderson Mill Road.  *Id.*

**Plaintiff's Response:**  *2. Paragraph 6 and 7, Plaintiff maintains that she left the vehicle at 3207 Henderson Mill Drive, Apartment H2, Atlanta, Georgia 30341. She gave that address in the police report and maintained that has her home address for all dates relevant to this proceeding. Defendant's agent Insurance*

- 7 -

*Auto Auctions stated and incorrect address for the pickup, 3707 Henderson Mill Drive as referenced in the records of Insurance Auto Auctions (See Document 27-3, p10).*

**Defendant's Reply:** Defendant objects to Plaintiff's statement due to her failure to comply with the local rules requiring individual numbering, and for the reasons included in Defendant's Reply at 6, above.

8.

On May 3, 2012, an employee with Insurance Auto Auctions spoke with Plaintiff, and Plaintiff agreed to make the vehicle available for pickup at 3207 Henderson Mill Road on May 4, 2012, between 12:00 p.m. and 5:00 p.m. *Id.*

**Plaintiff's Response:** *3. Paragraph 8 and 9, Plaintiff maintains that she left the vehicle at 3207 Henderson Mill Drive, Apartment H2, Atlanta, Georgia 30341. She gave that address in the police report and maintained that has her home address for all dates relevant to this proceeding. Defendant's agent Insurance Auto Auctions stated her incorrect address, 3207 Henderson Mill Drive, Apartment S2, Atlanta, Georgia 30341, as referenced in the records of Insurance Auto Auctions (See Document 27-3, p14).*

**Defendant's Reply:** Because Plaintiff does not "directly refute [Defendant's] fact with . . . [a] response supported by specific citations to

- 8 -

evidence," Defendant's statement should be deemed admitted. Additionally, as Plaintiff is merely reciting the same alleged statements already propounded numerous times, Defendant restates its objections found in its replies at Nos. 5-7, for the sake of brevity.

9.

When the agent for Insurance Auto Auctions arrived at 3207 Henderson Mill Road on May 4, 2012, the vehicle, once again, could not be located, and Plaintiff refused to speak with the driver. *Id.*

**Plaintiff's Response:** *3. Paragraph 8 and 9, Plaintiff maintains that she left the vehicle at 3207 Henderson Mill Drive, Apartment H2, Atlanta, Georgia 30341. She gave that address in the police report and maintained that has her home address for all dates relevant to this proceeding. Defendant's agent Insurance Auto Auctions stated her incorrect address, 3207 Henderson Mill Drive, Apartment S2, Atlanta, Georgia 30341, as referenced in the records of Insurance Auto Auctions (See Document 27-3, p14).*

**Defendant's Reply:** Defendant objects to Plaintiff's statement due to her failure to comply with the local rules requiring individual numbering, and for the reasons included in Defendant's Reply at 8, above.

{Firm/201/01537/PLEADING/01598340.DOC }

10.

On May 15, 2012, GEICO assigned Mike Mitchell ("Mitchell"), a senior investigator with GEICO's Special Investigations Unit, to locate the vehicle. (Mike Mitchell Aff.).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

11.

Mitchell was aware that GEICO had paid Plaintiff for the vehicle and of Insurance Auto Auctions' previous unsuccessful attempts to retrieve the vehicle. (Mitchell Aff., ¶ 4).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

12.

Mitchell's investigation included: attempting to contact Plaintiff, canvassing the apartments at 3207 Henderson Mill Road, canvassing Plaintiff's prior addresses, interviewing employees at the management office of 3207 Henderson Mill Road, reviewing towing logs for 3207 Henderson Mill Road, and speaking with Mayra Rubio ("Rubio"), Plaintiff's legal counsel's assistant. (Mitchell Aff., ¶¶ 5-11).

- 10 -

{Firm/201/01537/PLEADING/01598340.DOC }

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

13.

Mitchell informed Rubio that if the vehicle was not recovered, he would report Plaintiff to the police. (Mitchell Aff., ¶ 10).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

14.

On May 31, 2012, Rubio told Mitchell that Plaintiff moved the vehicle to a parking lot at 3559 Chamblee Tucker Road, and that Plaintiff had since reported the vehicle stolen. (Mitchell Aff., ¶ 11).

**Plaintiff's Response:** *4. Paragraph 14, Mayra Rubio informed Insurance Auto Auctions on May 11, 2012 of the address to which the vehicle had been moved, because the Defendant had failed to pickup the vehicle and Plaintiff received a warning that her vehicle, because untagged, would be towed immediately if not moved. (See Deposition of Rosinda Matute Castellanos, Document 29, p49, lines 13-25, p50, lines 1-35, p51, lines 1-2).*

**Defendant's Reply:** Defendant objects to Plaintiff's statement as immaterial and uncorroborated inadmissible hearsay. First, the purported

- 11 -

statements of Mayra Rubio regarding her alleged discussions with Insurance Auto Auctions are hearsay within hearsay, and there is no valid exception which would be applicable to each part (1 – Mayra's statements to Plaintiff, and 2 – her discussions with Insurance Auto Auctions). Furthermore, Plaintiff's claim that Mayra Rubio spoke with Insurance Auto Auctions is not supported by any non-hearsay evidence. Insurance Auto Auctions' own records, which include detailed entries of every activity on a particular claim, including phone calls, show no record of the alleged call. *See generally* Insurance Auto Auctions records, Document 27-3. Additionally, the warning Plaintiff claims to have received from her apartment complex is also uncorroborated hearsay, for which there is no exception, and for which no additional evidence is offered in support.

Finally, although Plaintiff's Response Brief cites to an alleged deposition transcript of Mayra Rubio that may exculpate this hearsay evidence, the deposition transcript was never included as an exhibit or otherwise admitted into the record in this case. Even if the Court, for some reason, should consider Ms. Rubio's deposition transcript outside of the record, the evidence shows that Ms. Rubio stated multiple times that she *never spoke with anyone from Insurance Auto Auctions*.

- 12 -

15.

Mitchell could not locate the vehicle at 3559 Chamblee Tucker Road. (Mitchell Aff., ¶ 12).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

16.

Mitchell spoke with a manager, Jonathan Lewis ("Lewis"), at the Kroger Shopping Center located at 3559 Chamblee Tucker Road. *Id.*

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

17.

Lewis reviewed towing records for the lot and could not locate any record of the vehicle being towed from 3559 Chamblee Tucker Road. *Id.*

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

18.

On June 4, 2012, Rubio advised Mitchell she could no longer reach Plaintiff or get Plaintiff to return her calls. (Mitchell Aff., ¶ 13).

- 13 -

**Plaintiff's Response:** *5. Paragraph 18, Plaintiff denies these statements and they contradict her Counsel's telephone records as to activity in this case. (See Activity Log for Rosinda Matute).*

**Defendant's Reply:** Defendant objects to this statement as being unsupported by any record evidence and inadmissible hearsay. Specifically, Plaintiff's cited "Activity Log for Rosinda Matute" is not in the record and was not attached an as exhibit to Plaintiff's responsive brief. Additionally, any records of alleged conversations between Plaintiff and Plaintiff counsel's assistant would be inadmissible hearsay for which there is no valid exception.

19.

On June 7, 2012, Mitchell filed an incident report with the Chamblee Police Department. (Mitchell Aff., ¶ 14).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

20.

Mitchell also provided a written statement to the Chamblee Police Department. *Id.*

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

- 14 -

21.

Mitchell's statement included the following facts: 1) GEICO issued payment of $1,108.01 to Plaintiff for her vehicle; 2) Plaintiff signed title of her vehicle over to GEICO; 3) Plaintiff retained possession of the vehicle after receiving payment; 4) Plaintiff agreed to make the vehicle available for pickup by GEICO representatives; 5) GEICO representatives attempted to recover Plaintiff's vehicle on multiple occasions; 6) Plaintiff moved the vehicle prior to the representatives arrival; 7) Plaintiff later moved the vehicle to a parking lot at 3559 Chamblee Tucker Rd.; and 8) Plaintiff had since reported the vehicle stolen to the DeKalb Police Department.  (*Id.*; *see also* Detective Chris Newberry Aff.).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

22.

Mitchell was not involved in the Chamblee Police Department's investigation regarding the vehicle.  (Mitchell Aff., ¶ 15).

**Plaintiff's Response:** *6. Paragraph 22, Plaintiff purports that Chamblee Police Department acted upon the information given by Detective Mike Mitchell. Plaintiff contends that Detective Mitchell omitted relevant facts such as Plaintiff was represented by counsel, and that address information for the location of the*

- 15 -

*vehicle had been incorrectly recorded by Geico's agent, Insurance Auto Auctions, and that Plaintiff notified Geico's agent, Insurance Auto Auctions as to the whereabouts of the vehicle when she moved it and the reason that she moved it. Investigator Mitchell had a serious influence on the information that was presented to the Chamblee Police, and had he provided complete and accurate records, it is likely that the omission of facts would have not occurred, and a warrant would not have been issued because sufficient probable cause would not have existed.*

**Defendant's Reply:** Defendant objects to Plaintiff's response as wholly argumentative, thereby violating the local rules. Local Rule 56.2(B)(2)(a)(1). Defendant further objects to Plaintiff's supposed statements as being entirely unsupported by any evidence in the record, and Plaintiff cites none. Because Plaintiff has not offered any evidence in support of these alleged facts, the Court should not consider them. Local Rule 56.1(B)(1).

23.

Mitchell was not involved in the decision to swear a warrant out for Plaintiff's arrest. *Id.*

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

- 16 -

{Firm/201/01537/PLEADING/01598340.DOC }

24.

Although he made multiple attempts to contact Plaintiff, Mitchell never met or spoke to Plaintiff during his investigation.  (Mitchell Aff., ¶ 16).

**Plaintiff's Response:**  *7. Paragraph 24, Investigator Mitchell did not request an in person meeting with the Plaintiff through her counsel's office despite claims that he made attempts to contact her.*

**Defendant's Reply:**  Because Plaintiff does not "directly refute [Defendant's] fact with . . . [a] response supported by specific citations to evidence," Defendant's statement should be deemed admitted.  Defendant further objects to Plaintiff's statement that Mitchell did not request a meeting with Plaintiff as immaterial.

25.

Mitchell's decision to report Plaintiff's actions to the police was not motivated by personal spite or ill will toward Plaintiff.  *Id.*

**Plaintiff's Response:**  *8. Paragraph 25, Plaintiff contends that Investigator Mitchell's omission of facts was willful and wanton in an effort to present the case facts in a negative light to the Chamblee Police Department.*

**Defendant's Reply:**

Defendant objects to Plaintiff's response as wholly argumentative, thereby

violating the local rules. Local Rule 56.2(B)(2)(a)(1). Defendant further objects to Plaintiff's statement as a legal conclusion and misinterpretation of the law. Finally, Defendant objects to Plaintiff's supposed statements as being entirely unsupported by any evidence, and Plaintiff cites none, as required by the rules. Because Plaintiff has not offered any evidence in support of these alleged facts, the Court should not consider them. Local Rule 56.1(B)(1).

26.

Mitchell reported Plaintiff's actions to the police because the vehicle could not be located, and because he could not reach Plaintiff by phone or through her attorney. *Id.*

**Plaintiff's Response:** *9. Paragraph 26, Agents from Geico contacted Plaintiff's Counsel's assistant and stating that if Plaintiff did not take the vehicle to a specified address, 2329 John Glenn Drive, Chamblee, Georgia 30341, that Defendant Geico would report Plaintiff to the police.*

**Defendant's Reply:**

Defendant objects to Plaintiff's response as wholly argumentative, thereby violating the local rules. Local Rule 56.2(B)(2)(a)(1). Defendant further objects to Plaintiff's supposed statements as being entirely unsupported by any evidence, and Plaintiff cites none, as required by the rules. Because Plaintiff has not offered any

- 18 -

evidence in support of these alleged facts, the Court should not consider them. Local Rule 56.1(B)(1).

27.

The case was assigned to Detective Chris Newberry ("Newberry") with the Chamblee Police Department. (Newberry Aff., ¶ 3).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

28.

Detective Newberry conducted an independent investigation which included: reviewing Mitchell's statement and Plaintiff's police report, contacting Mitchell and the DeKalb Police Department, verifying the vehicle had not been recovered by GEICO or DeKalb County, attempting to contact Plaintiff multiple times, and conducting a Georgia Crime Information Center search to determine if any agency had located the vehicle. (Newberry Aff., ¶¶ 5-14).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

29.

Based on inconsistencies and omissions contained in Plaintiff's police report, Plaintiff's delay in reporting the vehicle stolen, Plaintiff's failure to return

- 19 -

Newberry's calls, and Plaintiff's decision to frequently relocate her totaled vehicle, Detective Newberry suspected Plaintiff had "sold the vehicle and had reported her vehicle stolen to obstruct GEICO's attempts to recover her vehicle." (Newberry Aff., ¶¶ 5-13).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

30.

On July 24, 2012, based on his independent investigation and professional judgment, Detective Newberry presented the facts of the case to Judge Harvey at the DeKalb County Magistrate Court. (Newberry Aff., ¶¶ 15-16).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

31.

Judge Harvey agreed there was probable cause for the charge of Concealment of Property, and a warrant was sworn out against Plaintiff on July 24, 2012. *Id.*

**Plaintiff's Response:** *10.Paragraph 31, Plaintiff disagrees that had all facts been presented and facts not omitted, that Judge Harvey would have not found sufficient probable cause to issue a warrant.*

- 20 -

**Defendant's Reply:** Defendant objects to Plaintiff's response as wholly argumentative, thereby violating the local rules. Local Rule 56.2(B)(2)(a)(1).

Defendant also objects to Plaintiff's statements because Plaintiff, by not responding to Defendant's 30, above (specifically, that the case presented to Judge Harvey was "based on [Detective Newberry's] *independent* investigation and professional judgment), *has admitted* to this Court that Detective Newberry was independently responsible for the decision to present the case against her to Judge Harvey in seeking a warrant for her arrest.

Defendant further objects to Plaintiff's supposed statements as being entirely unsupported by any evidence, and Plaintiff cites none, as required by the rules. Because Plaintiff has not offered any evidence in support of these alleged facts, the Court should not consider them. Local Rule 56.1(B)(1).

32.

On March 8, 2014, Plaintiff was arrested based on the warrant issued on July 24, 2012. (Pl.'s Comp., ¶ 26).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

33.

The charges against Plaintiff, and the July 24, 2012, warrant, were reviewed

- 21 -

by Deputy Chief Assistant Solicitor-General Kelly McMichael ("McMichael").

(Solicitor Kelly McMichael Aff.).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

34.

Solicitor McMichael determined the statute of limitations for the charges

against Plaintiff had expired, and filed a Notice That No Accusation Will Be Filed

on April 14, 2014.  (McMichael Aff., ¶¶ 4-7).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

35.

The April 14, 2014, Notice That No Accusation Will Be Filed terminated the

criminal case against Plaintiff.  (McMichael Aff., ¶ 8).

**Plaintiff's Response:** *Not addressed.*

**Defendant's Reply:** No response required, admitted by Plaintiff.

36.

Plaintiff did not appear before any court of record for the charges listed in

the July 24, 2012, warrant.  (McMichael Aff., ¶ 9).

**Plaintiff's Response:** *Not addressed.*

- 22 -

**Defendant's Reply:**  No response required, admitted by Plaintiff.

37.

There was no prosecution of Plaintiff for the charges listed in the July 24, 2012, warrant.  (McMichael Aff., ¶ 10).

**Plaintiff's Response:**  *11.Paragraph 37, O.C.G.A. 51-7-42, states that "For purposes of this article, an inquiry before a committing court or a magistrate shall amount to a prosecution." Here, Plaintiff was issued an arrest warrant, arrested, and issued a case number, 12-02672, in the Magistrate Court of Dekalb County, which Plaintiff contends is sufficient to meet the definition of prosecution as prescribed by O.C.G.A. § 51-7-42.*

**Defendant's Reply:**  Defendant objects to Plaintiff's statement as purely a legal conclusion, in violation of the rules, which the Court should not consider. Local Rule 56.1(B)(1).  Defendant further objects to Plaintiff's response as wholly argumentative, thereby violating the local rules.  Local Rule 56.2(B)(2)(a)(1).

Additionally, Defendant objects to Plaintiff's statements because Plaintiff, by not responding to Defendant's 36, above (specifically, that Plaintiff "did not appear before any court of record for the charges listed"), *has admitted* to this Court that there was no prosecution carried on against her.

- 23 -

Additionally, Defendant objects to Plaintiff's statements as being entirely unsupported by any evidence, and Plaintiff cites none, in violation of the rules. Because Plaintiff has not offered any evidence in support of these alleged facts, the Court should not consider them.  Local Rule 56.1(B)(1).

This __15th__ day of May, 2017.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


_____

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CRAIG P. TERRETT**
Georgia Bar No. 702410
*Attorneys for Defendant GEICO Indemnity Company*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
cterrett@cmlawfirm.com

**LOCAL RULE CERTIFICATION**

Counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in LR 5.1C.  Specifically, Times New Roman was used in 14 point.

- 24 -

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIEDwith the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Talal "Perez" Ghosheh, Esq.
Ghosheh Law Firm, LLC
242 South Culver Street, Suite 200
Lawrenceville, GA  30046
talal@ghoshehlaw.com
*Counsel for Plaintiff*

This __15th__ day of May, 2017.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

_____
**J. ROBB CRUSER**
Georgia Bar No. 199480
**CRAIG P. TERRETT**
Georgia Bar No. 702410
*Attorneys for Defendant GEICO Indemnity Company*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
cterrett@cmlawfirm.com

- 25 -

{Firm/201/01537/PLEADING/01598340.DOC }