IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROSINDA
MATUTE-CASTELLANOS,

    Plaintiff,

      v.

GEICO INDEMNITY COMPANY, et
al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-3756-TWT

## OPINION AND ORDER

This is an action for false arrest. It is before the Court on the Defendant GEICO

Indemnity Company's Motion for Summary Judgment [Doc. 27]. For the reasons

stated below, the Defendant GEICO's Motion for Summary Judgment [Doc. 27] is

GRANTED.

## I. Background

This case stems from a car accident that occurred on March 8, 2012, between

the Plaintiff Rosinda Matute-Castellanos and an insured of the Defendant GEICO.[1]

---

[1]    Def.'s Stat. of Mat. Facts ¶ 1. The Plaintiff, rather than filing her
response to the Defendant's Stat. of Mat. Facts and her own statement of additional
facts separately, as required by Local Rule 56.1(B)(2), seems to have merged them
into one document. These new facts are not separately numbered or concisely written,

In April of 2012, GEICO issued payment to the Plaintiff for the total loss of her car.[2]

In return, the Plaintiff signed title of the vehicle over to GEICO.[3] The Plaintiff agreed

to make her vehicle available for pickup at her apartment, located at 3207 Henderson

Mill Road, Atlanta, GA 30341.[4]

On April 2, 2012, a driver from Insurance Auto Auctions, a company hired by

GEICO to take possession of the vehicle, attempted to retrieve the vehicle from 3207

Henderson Mill Road, but could not locate it.[5] On April 27, 2012, Insurance Auto

---

and many are simply argumentative. In addition, the Plaintiff's Brief in Response to the Def.'s Motion for Summary Judgment contains numerous allegations which are not contained in the Plaintiff's Objection. In the interest of deciding this case on the merits, the Court will consider the objections and facts laid out in the Plaintiff's response. However, as required by Local Rule 56.1(B)(1), the Court will "not consider any fact...set out only in the brief and not in the...statement of undisputed facts."

[2]  Id. at ¶ 2.

[3]  Id. at ¶ 3.

[4]  Id. at ¶ 4.

[5]  Id. at ¶ 5. The Plaintiff maintains that she "left the vehicle at 3207 Henderson Mill *Drive*, Apartment *H2*," which she says is the address she told the police. See Pl.'s Obj. to Def.'s Stat. of Mat. Facts ¶ 2 [Doc. 33-2] (emphasis added). As will become clear, this is a common response by the Plaintiff. However, the records the Plaintiff cites do not support her allegation. Indeed, there is no 3207 Henderson Mill Drive in the United States. See Def.'s Resp. to Pl.'s Objection to Def.'s Stat. of Mat. Facts ¶ 5. Nor does the apparent discrepancy between the apartment numbers matter. Tenants in the Plaintiff's apartment complex park in a common open air parking lot located at 3207 Henderson Mill Road. Thus, the location of the car is not dependent on what apartment she lives in. Id.

Auctions made a second attempt to locate and retrieve the vehicle, and again it was not found.[6] On May 3, 2012, an employee of Insurance Auto Auctions spoke with the Plaintiff, and the Plaintiff agreed to make the vehicle available for pickup at 3207 Henderson Mill Road the next day between noon and 5:00 p.m.[7] When the agent for Insurance Auto Auctions arrived, once again the vehicle could not be located, and the Plaintiff refused to speak with the driver.[8]

On May 15, 2012, GEICO assigned Mike Mitchell, a senior investigator with GEICO's Special Investigations Unit, to locate the vehicle.[9] Mitchell was aware of the previous unsuccessful attempts to retrieve the vehicle.[10] During the course of his investigation, Mitchell attempted to contact the Plaintiff, canvassed the apartments at 3207 Henderson Mill Road and the Plaintiff's previous addresses, interviewed employees at the management office of 3207 Henderson Mill Road, reviewed the tow logs for 3207 Henderson Mill Road, and spoke with Mayra Rubio, the assistant for the

---

[6] Def.'s Stat. of Mat. Facts ¶¶ 6-7. The Plaintiff makes the same objections as above, but again the Court finds them unsupported and immaterial.

[7] Id. at ¶ 8. The Plaintiff makes the same objections as above, but again the Court finds them unsupported and immaterial.

[8] Id. at ¶ 9. The Plaintiff makes the same objections as above, but again the Court finds them unsupported and immaterial.

[9] Id. at ¶ 10.

[10] Id. at ¶ 11.

Plaintiff's counsel.[11] Mitchell informed Rubio that if the vehicle was not recovered, he would report the Plaintiff to the police.[12]

On May 31, 2012, Rubio told Mitchell that the Plaintiff had moved the vehicle to a parking lot at 3559 Chamblee Tucker Road, and the Plaintiff had since reported the vehicle stolen.[13] Upon visiting 3559 Chamblee Tucker Road, Mitchell could not locate the vehicle there either.[14] Mitchell spoke with a manager of the Kroger Shopping Center located at that location, and the manager could not locate any record of a vehicle being towed from that address.[15]

On June 4, 2012, Rubio informed Mitchell that she could no longer get in contact with the Plaintiff.[16] Three days later, on June 7, 2012, Mitchell filed an

---

[11]     Id. at ¶ 12.

[12]     Id. at ¶ 13.

[13]     Id. at ¶ 14. The Plaintiff, in her Objection, alleges that Rubio told Insurance Auto Auctions on May 11, 2012, that the car had been moved to this new address. See Pl.'s Obj. to Def.'s Stat. of Mat. Facts ¶ 4 [Doc. 33-2]. The Plaintiff alleges that the car was moved because GEICO's failure to recover the vehicle resulted in her receiving a warning that her vehicle would be towed unless it was moved. Id. However, both of these statements are hearsay and are not supported by any non-hearsay evidence on the record.

[14]     Def.'s Stat. of Mat. Facts ¶ 15.

[15]     Id. at ¶¶ 16-17.

[16]     Id. at ¶ 18.

incident report with the Chamblee Police Department, which included a written statement.[17] The case was assigned to Detective Chris Newberry, who conducted an independent investigation that included reviewing Mitchell's statement and the Plaintiff's police report, verifying the vehicle had not been recovered by GEICO or DeKalb County, attempting to contact the Plaintiff multiple times, and conducting a search to determine if any other government agency had located the vehicle.[18] Based on inconsistencies in the Plaintiff's report, her delay in reporting the vehicle stolen, her failure to return Newberry's calls, and the frequent relocation of the vehicle, Newberry suspected the Plaintiff had "sold the vehicle and reported her vehicle stolen . . ."[19]

On July 24, 2012, Newberry presented his findings to the DeKalb County Magistrate Court.[20] The Judge determined that there was probable cause for the charge of Concealment of Property, and a warrant was sworn out against the Plaintiff on July

---

[17]     Id. at ¶¶ 19-20.

[18]     Id. at ¶¶ 27-28. Both of these paragraphs were unaddressed by the Plaintiff and taken as admitted.

[19]     Id. at ¶ 29. This was also unaddressed by the Plaintiff.

[20]     Id. at ¶ 30.

24, 2012.[21] On March 8, 2014, the Plaintiff was arrested based on the warrant.[22] The Plaintiff appeared before a state magistrate in her bond hearing which was her only court appearance.[23] The charges were eventually dropped after the state Solicitor determined that the statute of limitations had expired.[24]

The Plaintiff then filed her Complaint against GEICO in the State Court of DeKalb County on October 7, 2016, alleging claims of false arrest and malicious prosecution, as well as negligent hiring, training, and supervision. The case was removed to this Court on the basis of diversity jurisdiction. The Defendant now moves for summary judgment on all counts.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and

---

[21]    Id. at ¶ 31.The Plaintiff objects, asserting that "had all facts been presented and facts not omitted, [the Magistrate Court] would have not [sic] found sufficient probable cause to issue a warrant." Pl.'s Obj. to Def.'s Stat. of Mat. Facts ¶ 10 [Doc. 33-2]. Not only is this argumentative, but the Plaintiff did not dispute that it was Newberry's report, based on his independent investigation, that was the only evidence presented to the Judge. The Defendant or its employees took no part in the proceedings.

[22]    Id. at ¶ 32.

[23]    Matute Dep. at 67-68.

[24]    Def.'s Stat. of Mat. Facts ¶¶ 33-34.

that the movant is entitled to judgment as a matter of law.[25] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[26] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[27] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[28] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[29]

## III. Discussion

### A. False Arrest and Malicious Prosecution

The Plaintiff argues that the Defendant is liable for false arrest and malicious prosecution because GEICO "provided false information and omitted important information to the police in order to have Plaintiff arrested,"[30] and "maliciously and

---

[25] FED. R. CIV. P. 56(a).

[26] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[27] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[28] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[29] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[30] Compl. ¶ 36.

without probable cause prosecuted plaintiff for the crime of Concealment of Property with Security Lien..."[31] In Georgia, false arrest and malicious prosecution are separate causes of action, but they both have similar elements. For example, in order to state either claim, a plaintiff must show that the arrest or the prosecution was made maliciously.[32] The Plaintiff has completely failed to do so here. "Malice consists of: (1) personal spite, or (2) general disregard of the right consideration of mankind, directed by chance against the individual injured."[33] There is nothing in the record to indicate that GEICO acted with malice in prosecuting the Plaintiff for the concealment of property. Mitchell never knew the Plaintiff personally, and in fact never had the opportunity to meet with or communicate with the Plaintiff at all, despite his best efforts to do so. All the evidence on the record indicates that Mitchell contacted the police solely because of the results of his investigation, not because of any personal hostility.

Furthermore, there is no dispute that Detective Newberry's decision to arrest the Plaintiff was based on Newberry's own independent investigation.[34] "The law

---

[31]     Id. at ¶ 39.

[32]     See O.C.G.A § 51-7-1; id. at § 51-7-40.

[33]     Desmond v. Troncalli Mitsubishi, 243 Ga. App. 71, 75 (2000).

[34]     Def.'s Stat. of Mat. Facts ¶ 29. The Plaintiff never denied or responded to this fact, and the Court considers it admitted, pursuant to Local Rule

draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute..."[35] Both false arrest and malicious prosecution "may successfully be defended by an uncontroverted affidavit of the arresting officer that the decision to arrest [the] plaintiff was made solely by him in the exercise of his professional judgment and independently of any exhortations by the defendants."[36]

In this case, Newberry specifically states that "based on the facts obtained during [*his*] investigation and [*his*] personal judgment," he decided to seek an arrest warrant.[37] The Plaintiff has admitted this fact. Thus, even assuming *arguendo* the Plaintiff's allegations that the Defendant had given misleading and false information to the police were true, Newberry's independent judgment severs the causal link between the Defendant and the police required to maintain a claim for false arrest or

---

56.1(B)(2)(a)(2).

[35]   Ginn v. Citizens & S. Nat. Bank, 145 Ga. App. 175, 178 (1978) (citations omitted).

[36]   Jacobs v. Shaw, 219 Ga. App. 425, 426 (1995) overruled in part by Infinite Energy, Inc. v. Pardue, 310 Ga. App. 355 (2011). See also Adams v. Carlisle, 278 Ga. App. 777, 784 (2006) (reiterating rule in Jacobs, but emphasizing necessity for officer's testimony to be uncontroverted).

[37]   Aff. of Det. Chris Newberry, ¶ 15 (emphasis added).

malicious prosecution.[38] Without this causal link, or any evidence of malice on the part of GEICO, the Defendant's motion for summary judgment on these two claims must be granted.

## B. Negligent Hiring, Training, and Supervision

The Complaint asserts that the Defendant was "negligent in hiring, training and supervising the staff in the pickup and investigation of the recovery of vehicles and reporting them to the State."[39] The Plaintiff must "produce some evidence of incidents similar to the behavior that was the cause of the injury at issue" to survive summary judgment on this claim.[40] The Plaintiff has produced no evidence whatsoever to suggest that there have been any previous incidents similar to those alleged in this case. Nor has the Plaintiff produced any evidence showing that GEICO knew or should have known such incidents occurred even if they did. Given the lack of evidence, the Defendant is entitled to summary judgment on this count as well.

---

[38]    See Adams, 278 Ga. App. at 797 (noting that independent investigation by arresting officer severed causal link between the defendant's statements and the plaintiff's arrest); McLeod v. Pruco Life Ins. Co., 215 Ga. App. 177, 179 (1994) overruled in part by Ferrell v. Mikula, 295 Ga. App. 326 (2008) (uncontroverted evidence of independent investigation "relieved [defendants] of potential liability for malicious prosecution" because there was an "absence of any causal link between those acts attributable to defendants and the decision to arrest plaintiff.").

[39]    Compl. ¶ 42.

[40]    Remediation Res., Inc. v. Balding, 281 Ga. App. 31, 34 (2006).

## IV. Conclusion

For the reasons stated above, the Defendant GEICO's Motion for Summary

Judgment [Doc. 27] is GRANTED.

SO ORDERED, this 29 day of June, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge